PARKER'S ADMINISTRATOR, Respondent, v. MOORE, Appellant.

1. The verdict of the jury should be responsive to the issues made by the pleadings.
2. Where an instrument in writing signed by a party is offered in evidence against him to prove facts recited therein, it will not, if otherwise relevant and competent, be rendered inadmissible by reason of an erasure upon it, whether material or not; that circumstance will be open to comment and for the consideration of the jury.

*Appeal from Ripley Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Noell*, for appellant.

NAPTON, Judge, delivered the opinion of the court.

This was a suit on a note given by Moore to Parker in his lifetime for $1,130, dated March 24, 1854. The plaintiff, who was Parker's administrator, declared on the note as upon a note given to himself. The defence set up in the answer was that the note was a mistake; that in its present form of a note to Parker alone it was for twice the amount it should have been, or it should have been drawn payable to Parker and Moore. The answer explains the circumstances under which the note was executed. It states that Parker and Moore were about engaging in partnership as merchants; that Parker advanced towards the concern $1,242 and Moore $112, and the note in question was given to make the advances of Parker and Moore equal; that as $1,130 was the amount advanced by Parker over the sum advanced by Moore, and that the note was given for that sum, when it should, under these circumstances, have been given for half that sum.

Upon the trial of the case before a jury, the court excluded a paper, offered in evidence by the defendant, in the handwriting of Parker, and signed by both Parker and Moore, purporting to be articles of copartnership and explaining the amount of advances by each party, and stating that Moore

was to give his note for $1,130, that being the amount which Parker put into the concern over the sum paid in by Moore. This paper was excluded on account of an erasure or obliteration of the day of the month on which it purported to have been executed.

The verdict of the jury was that defendant executed the note to plaintiff, and that the amount of the note, both principal and interest, was yet due. The judgment of the court was for the plaintiff for the full amount of the note.

To say nothing of the variance between the note given in evidence and that described in the petition, the verdict of the jury is not responsive to any issue made in the case. The execution of the note sued on was not denied, nor was it pretended that any portion of it had been paid. The defence set up was that the note was a mistake, either in amount or in the omission of one payee. The verdict of the jury seems to be a special one, and it is, to say the least, equivocal in its terms. Every fact found by the jury may be true, and yet the defendant's answer may also be true and constitute a good defence to a portion of the note.

The paper offered by the defendant should have been submitted to the jury. Its execution was proved, and its contents were material and pertinent to the issue. The erasure or partial obliteration of the date was a circumstance which did not affect the competency of the paper as testimony. That circumstance was open to comment and was for the consideration of the jury. It does not seem that the erasure was material; but whether material or not, it would be evidence. This suit is not based upon this paper; the parties to it are not sought to be held liable upon it in this action. There is no question in this suit as to its validity or binding character. It is offered to explain the character of a note which seems to have resulted from the agreement of which this paper is a written memorandum, and as such it is evidence, whether a material erasure was on it or not. Besides, it does not appear, nor is there any thing to show, whether this obliteration was accidental or intentional; whether, if the

latter, it was made by either of the parties to it, or by a stranger. These circumstances would be material in determining how far it was binding upon the parties to it; but whether it was binding or not, it was evidence collaterally to explain the transaction which has given rise to this action.

Judgment reversed and cause remanded. The other judges concur.