BASKIN & EDMONSTON, Appellants, v. D. D. WAYNE, Respondent.

Kansas City Court of Appeals, May 20, 1895.

1. **Livery Man's Lien:** PRIOR MORTGAGE. A livery man's lien is not superior to a prior chattel mortgage, *following Stone v. Kelly,* 59 Mo. App. 214.

2. **Alteration of Instrument:** EFFECT ON MORTGAGE: EVIDENCE. The alteration of a note not fraudulently made, though it destroys the written evidence of the debt, does not affect the mortgage executed to secure the note. And a mortgage without the production of the note is evidence of title and the mortgage debt.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED (*with directions*).

*Edmonston & Cullen* for appellants.

(1) Plaintiff's mortgage was prior in point of time. It is a universal principle and well settled that a prior lien gives a prior claim which is entitled to prior satisfaction out of the subject it binds, unless the lien be intrinsically defective or be displaced by some act of the party holding it. It is beyond the power of the

legislature to determine the priority of liens depending upon contract without the consent, either express or implied, of the parties in interest. *Rankin v. Scott,* 12 Wheat. 177; *Wycoff v. Hotel,* 24 Mo. App. 390; *Sargent v. Usher,* 55 N. H. 287, 20 Am. Rep. 208; *Loan Association v. Topeka,* 20 Wall. 655; Const. Mo. art. 2, sec. 20; *Clay Works v. Ellison,* 30 Mo. App. 75; *Meyer v. Berlandi,* 39 Minn. 438, 40 N. W. Rep. 513; *Wright v. Sherman,* 52 N. W. Rep. (S. D.) 1093. (2) It is true, some of our courts hold that an artisan or tradesman who performs labor or makes repairs or improvements upon an article in his possession has a lien upon the article, superior to a prior chattel mortgage, but these decisions are based upon the theory that the party claiming the lien has imparted new and additional value to the article sought to be charged, or that the circumstances were such that the consent of the mortgagee might be inferred. *Grinnell v. Cook,* 3 Hill (N. Y.) 485; *Bevan v. Waters,* 3 Car. & P. 520; *Judson v. Ethridge,* 1 Cromp. & M. 743; *Jackson v. Cummings,* 5 Mees & W. 342; *Miller v. Marston,* 35 Me. 153; 56 Am. Dec. 694; *Lewis v. Tyler,* 23 Cal. 364; *Jackson v. Cassell,* 30 Hun (N. Y.) 231; *Scorff v. Morgan,* 4 Mess & W. 270; *Wells v. Marrister,* 36 Vt. 220; *Cummins v. Harris,* 3 Vt. 244; 13 Am. & Eng. Encyclopedia of Law, p. 943. (3) It is the settled law of this state that registration of a chattel mortgage is equivalent to a transmutation of possession. *Hellman v. Pollock,* 47 Mo. App. 205; *Edmonston v. Wilson,* 49 Mo. App. 491; *Bank v. Moore,* 40 Mo. App. 494; *Bank v. Moore,* 29 Mo. App. 384; *Fuert v. Rowell,* 62 Mo. 524; *Smith v. Hutchings,* 30 Mo. 380; *Miller v. Whitson,* 40 Mo. 97; *Bank v. Morris,* 114 Mo. 255. The mortgage was past due at the time Taylor began to feed the stock; forfeiture had occurred and plaintiffs, the mortgagees, were the absolute owners. Pickett had no interest in

the property which he could sell, mortgage or pledge, or that could be seized under execution. *Robinson v. Campbell*, 8 Mo. 366; *Lacy v. Wathen*, 36 Mo. 320; *Bowins v. Benson*, 57 Mo. 26; *Bank v. Abernathy*, 32 Mo. 211; *White v. Quinland*, 30 Mo. App. 54; *Vette v. Leonori*, 42 Mo. App. 217; *Wycoff v. Hotel, supra; Sherwood v. Neal*, 41 Mo. App. 416; *Kirtley v. Morris*, 43 Mo. App. 144; *McAdow v. Sturtevant*, 41 Mo. App. 230; *Puert v. Rowell*, 62 Mo. 524; *Kansas City v. Mastin*, 61 Mo. 435; *Miller v. Baskin*, 28 Mo. 352; *Miller v. Whitsen*, 40 Mo. 95; *Howell v. Bell*, 59 Mo. 135. (4) Outside of our own state the great weight of authority is to the effect that the lien of an agister for the feeding and pasturing of stock received from the mortgagor in possession is subject to the lien of a chattel mortgage upon the same stock given and recorded prior to the feeding and pasturage. 1 Jones on Liens, p. 691; Jones on Chat. Mort. [2 Ed.], sec. 472; 13 Am. & Eng. Encyclopedia of Law, pp. 954, 956, 957, title, Livery Stable Keepers; 37 Central Law Journal, p. 375; *Sargent v. Usher*, 55 N. H. 287, 20 Am. Rep. 208; *Jacob v. Knapp*, 50 N. H. 71; *Wright v. Sherman*, 52 N. W. Rep. (S. D.) 1093; *Howes v. Newcomb*, 15 N. E. Rep. (Mass.) 123; *Storms v. Smith*, 137 Mass. 201; *Bank v. Lowe*, 22 Neb. 68, 33 N. W. Rep. 482; *Hale v. Wigdon*, 20 Neb. 83; *Easter v. Goyne*, 51 Ark. 222, 11 S. W. Rep. 212; *Scott v. Scott*, 68 Texas 1302, 4 S. W. Rep. 495; *Domnan v. Green*, 19 S. W. Rep. 909; *McGhee v. Edwards*, 11 S. W. Rep. (Tenn.) 316; *Charles v. Neiglison*, 15 Bradw. (Ill.) 17; *Hauch v. Ripley*, 127 Ind. 151, 26 N. E. Rep. 70; *Jackson v. Cassell, supra; Bissell v. Pierce*, 28 N. Y. 252; *Lowe v. Woods*, 34 Pac. Rep. (Cal.) 959; *Small v. Robinson*, 69 Me. 425; *Hullingsworth v. Dowe*, 19 Pick. 228; *Salters v. Everett*, 20 Wend. (N. Y.) 267.

*Thos. S. Carter* for respondent.

(1) Appellants contend that the only point involved is whether a mortgage lien is superior to the lien of a feed bill. A person who keeps and boards a horse has a lien on such animal superior to a prior recorded mortgage. R. S., sec. 6730; *Smith v. Stevens*, 31 N. W. Rep. 55, 36 Minn. 303; *Vette v. Leonori*, 42 Mo. App. 224; *Meyer v. Berlandi*, 40 N. W. Rep. 513, 39 Minn. 438; *Kirtley v. Morris*, 43 Mo. App. 144; Jones on Liens, sec. 692–694; *Case v. Allen*, 21 Kan. 217. Under our statutes (Revised Statutes, 1889, section 6730), a lien for a feed bill is superior to a prior recorded mortgage. *Hammond v. Danielson*, 126 Mass. 294; *Pickett v. McCord*, 62 Mo. App. 467. (2) But there are other issues in this case against appellants of which they take no notice. The mortgage under which plaintiffs seek to recover was incident to the note it secured, and, the note having been changed by the addition of the names of Sturdevant, Bryson and S. J. Pickett to it, operated to release all the original makers, as they did not consent thereto. *Lunt v. Silver*, 5 Mo. App. 186; *Bank v. Myers*, 50 Mo. App. 157; *Allen v. Dornan*, 57 Mo. App. 288, and authorities there cited; and plaintiffs could not recover in this sort of action, if at all. And plaintiff's title and right of possession being based on a void instrument, it is immaterial what defendant's title is. *Bank v. Power Co.*, 58 Mo. App. 532.

SMITH, P. J.—This is an action of replevin to recover seven head of horses. In its essential facts it is not to be distinguished from *Stone v. Kelley*, 59 Mo. App. 214, decided by us at the last term. There, as here, after the recording of the mortgage, the mortgagor, who had remained in the actual possession of

the horses covered by the mortgage, placed them in the keeping of another to be boarded, and failed to pay the board bill so created.

And the question was there, as here, whether the lien of keeper for the board bill took precedence over the prior chattel mortgage; and, after quite a thorough consideration of the principles and authorities applicable to the case, it was ruled that there was no such precedence. The ruling in that case must dominate this.

But the defendant makes a further and additional point in the present case, which we will now notice.

It indisputably appears that, some time after the execution of the mortgage, the mortgagors, without the consent of the mortgagees, sold and made way with the mortgaged property—not including, however, the horses—and thereby greatly curtailed and lessened the mortgagee's security. Thereupon, Mrs. Pickett, who was the wife of one of the mortgagors and the mother of the other, together with two more persons, in consideration that the mortgagees would extend the time of the payment of the note, agreed to and did sign their names to said note as sureties thereon; and this without the consent of the mortgagors. The defendant contends that this alteration in the note rendered the mortgage, which is the foundation of the title of the mortgagee, void and of no effect.

It is not perceived, nor is it so pretended, that there was any fraud attaching to the transaction of altering the note, or that the mortgagors were in any way harmed thereby. It has been decided that the alteration of a note not fraudulently made, though it may destroy the written evidence of the debt, does not affect the mortgage executed to secure the note thus altered. *Clough v. Seay*, 49 Iowa, 111; *Crooker v. Holmes*, 65 Maine, 195. And, further, that a mortgage

alone, without the production of the note secured by it, is evidence of title and the mortgage debt. *Smith v. Johns*, 3 Gray, 517; *Powers v. Patton*, 71 Maine, 583.

The mortgagee's debt for which the mortgage was given remained unsatisfied. It was sufficiently evidenced by the mortgage itself. The additional names added to the note would doubtless have the effect to destroy the note, as an evidence of the debt, but not so as to the mortgage, which still remained to evidence the mortgage title and debt. It results that both of the defendant's defenses must fail. The judgment, which was for the defendant, will be reversed and the cause remanded, with directions to the circuit court to give judgment for the plaintiffs. All concur.