McCormick Harvesting Machine Company, Appellant, v. Benjamin F. Brady, Respondent.

Kansas City Court of Appeals, November 9, 1896.

Sales: WARRANTY: RECOVERY. Before a purchaser can defeat the entire claim of the purchase price of a chattel he must not only allege and prove that the machine did not answer the demands of the warranty but also show that he returned or offered to return the machine or that it was entirely worthless for any purpose whatever.

Appeal from the Carroll Circuit Court.—Hon. W. W. Rucker, Judge.

REVERSED AND REMANDED.

*Morton Jourdon* and *George & Lowe* for appellant.

The court erred in rendering judgment in this case in favor of defendant and against the plaintiff for the reasons, that the answer in this case fails to state any cause of action in favor of the defendant and against the plaintiff, and also fails to state any defense to the causes of action or either of them set forth in plaintiff's petition. *Carter v. Shotwell*, 42 Mo. App. 663; McQuillin's Pleading and Practice, sec. 386; *Tarwater v. Railroad*, 42 Mo. 195. The defendant in his answer

does not plead a failure of consideration. *Brown v. Weldon*, 27 Mo. App. 251; s. c., 99 Mo. 564; *Fenwick v. Bowling*, 50 Mo. App. 516; *Armstrong v. Tobacco Co.*, 41 Mo. App. 254; *Spence v. Crow*, 47 Mo. App. 324.

*J. B. Hale* and *J. L. Minnis* for respondent.

No brief filed for respondent.

GILL, J.—This is a suit on two promissory notes given by defendant for balance of the purchase price of a harvesting and binding machine which he bought from the plaintiff. The defense was that the machine was defective and did not do good work as warranted. After operating the harvester and binder for a portion of two seasons, the defendant laid it aside on his own farm and refused to pay these notes.

Defendant's evidence tended to prove the defects of which he complained; and at the close of the testimony the court instructed the jury that, as the plaintiff "warranted said machine to do good work for the uses and purposes for which it was constructed and sold to defendant, and if the jury found from the evidence that said machine did not do good work for the uses and purposes for which it was constructed and sold to defendant, and that the said machine was worthless for the purpose for which it was sold to defendant, then they will find for defendant."

There was a verdict and judgment for defendant, and plaintiff appealed.

This judgment must be reversed and the cause sent back for a new trial. The court, in effect, erroneously instructed the jury that if the harvester and binder did not fill the warranty and was *worthless for the purpose for which it was sold*, then the defendant might

retain the machine, and at the same time entirely defeat the action for the purchase price, even though the machine might be of some value for other purposes. This is not the correct rule as has been decided by this and the supreme court. *Brown v. Weldon*, 27 Mo. App. 251; s. c., 99 Mo. 564; *Haynes v. Churchill*, 29 Mo. App. 676.

In the *Brown-Weldon* case, the supreme court uses this language: "That, while in an action upon a promissory note given for the purchase price of a chattel bought for a particular purpose, whether upon an express or implied warranty, with or without fraud, it is not necessary that the purchaser should return the article, or offer to return it, or to rescind the contract, or that such article should be wholly worthless, in order that he may avail himself of his plea of a failure of consideration; yet if he retains the article and does not offer to return it, and such article is not *wholly worthless*, such plea can avail him only so far as to defeat a recovery on the note to the extent of the difference between the value of the article, had it been such as it was represented to be, and its value such as it is shown really to be."

Obviously now the trial court, in the case in hand, failed to follow the law just announced. It may be that the machine was not as warranted, was indeed worthless as a combined reaper and binder, the use contemplated in its purchase, and yet it may have been of *some* value as a reaper or other purpose. Before the purchaser can be allowed to defeat the entire claim for the purchase price he must not only allege and prove that the machine did not answer the demands of the warranty, but he must also show, either that he returned or offered to return the machine, or that it was entirely worthless for any purpose whatever. The purpose of the law is to make the purchaser whole, nothing

more. He will not therefore be allowed to keep a machine of value and at the same time repudiate his entire obligation to pay.

It results that the judgment must be reversed and cause remanded. All concur.