A. A. THUMMEL, Appellant, v. C. H. DUKES et al., Respondents.

### Kansas City Court of Appeals, December 4, 1899.

1. **Sales: BREACH OF WARRANTY: MEASURE OF DAMAGES: INSTRUCTIONS.** Where a chattel sold is not as represented the measure of damages is, if it is valueless, the whole of the purchase price; but if it is good for anything, the measure is the difference between its real worth and the price given; and an instruction directing a finding if the chattel was worthless for the purpose for which it was sold, is erroneous.

2. **Trial Practice: INSTRUCTIONS: CONFLICTING AND CONFUSING.** Instructions manifestly inconsistent and confusing are erroneous.

Appeal from the Nodaway Circuit Court.—*Hon. C. A. Anthony,* Judge.

REVERSED AND REMANDED.

*A. M. Tibbels* and *E. A. Vinsonhaler* for appellant.

(1)   The instruction for defendant is here printed in form and spacing just as the jury saw it.   The first division directs a verdict for the defendant, the last part of it directs one for the plaintiff.   They would naturally read them separately, and hence the error.   They are directed to find for the defendants if they find said animal was worthless as a work animal or brood mare.   This, of course, is not the law.   Machine Co. v. Brady, 67 Mo. App. 292.   Contradictory instructions are always error.   Bluedorn v. Railroad, 108 Mo. 439-450.   An instruction inconsistent with itself is erroneous. Wood v. Steamboat, 19 Mo. 529.   "A contradiction between instructions so far from correcting the evils of either, multiplies them both."   State v. Nauert, 2 Mo. App. 295.

*B. R. Martin* and *W. W. Ramsay* for respondents.

(1)   Under this head appellant seeks to divide up defendant's instruction and fight it by piecemeal.   Note the efforts of astute counsel.   They seek to separate the three several propositions submitted by the trial court to the jury and to wage war against the three defenses one at a time, but we submit to this court that it has often been ruled in this state when the instructions taken altogether given at a trial, fairly present the case and the several issues to the jury, then no error has been committed.   Noble v. Blount, 77 Mo. 235; Schooler v. Schooler, 18 Mo. App. 69; McKeon v. Railway, 43 Mo. 405; Meade v. Railway, 68 Mo. App. 92; Voegeli v. Marble & Granite Co., 56 Mo. App. 678.

SMITH, P. J.—This is an action commenced before a justice of the peace to recover on a promissory note for $140. It is conceded that the note was given for the purchase price of a mare.   The defense was, that at the time of the purchase

the plaintiff falsely represented to the defendants that the mare was seven years old, a good work and brood mare, and that she was, in fact, of no value. There was a trial in which defendants had judgment and the plaintiff appealed.

The plaintiff assails the judgment on the ground that the trial court erred in its action in giving an instruction for the defendants which told the jury, that if they believed from the evidence that at the time defendant Dukes purchased said mare, he purchased her for a work animal and a brood mare, and they found from the evidence that she was not a work animal nor brood mare, then on that state of facts, if they found said animal was worthless as a work animal or brood mare, they should find for the defendant. But if they found from the evidence that such representations were not made or that the mare was as represented, they should find for the plaintiff, and assess his damages at the face of the note, with interest thereon at ten per cent from March 4, 1887, with annual rests—that is, compound interest. But if they found from the evidence that the representations as above set forth as to the age, working qualities or breeding, or any of them were made; that said representations, or any of them, were untrue, and they yet found from the evidence that the mare was of some value; then in that case they should, from the evidence, ascertain the difference in the value of said mare had she been as represented and her value as she was in fact, deduct such difference from the agreed price, $140, and upon that difference calculate interest as above, and find for plaintiff in the sum or amount so ascertained.

It is thus seen that the jury were in effect told that if the mare was worthless as a brood mare or work animal to find for defendants. This was error for she might have been of value for some other purpose. Brown v. Weldon, 27 Mo. App. 251; Hayner v. Churchill, 29 Mo. App. 676; Machine Co. v. Brady, 67 Mo. App. 292. Before the defendants were entitled to entirely defeat the recovery it was necessary for them

to show that the mare was of no value for any purpose and the jury should have been so directed.

It is true, as has been further seen, that this instruction, in another paragraph thereof, also told the jury that if they found the mare was of some value then to ascertain the difference between that value and her value had she been as represented by plaintiff. These enunciations were manifestly inconsistent and confusing, and therefore erroneous. Bluedorn v. Railway, 108 Mo. 439; Wood v. Steamboat, 19 Mo. 529; State v. Nauert, 2 Mo. App. 295.

The judgment must be reversed and cause remanded. All concur.