CARL HOFFMAN, Respondent, v. T. C. MOLLOY, Appellant.

91   367<br>99  ¹578

**Kansas City Court of Appeals, January 6, 1902.**

1. **Replevin: CHATTEL MORTGAGE: ALTERATION OF NOTES.** In an action of replevin for a piano, the chattel mortgage under which the plaintiff claimed the possession was unquestioned, but the notes secured thereby were assailed on the ground of an alleged alteration, and it further appeared that the mortgage debt was unpaid. *Held*, the plaintiff was entitled to recover on his mortgage without regard to the alleged change in the notes.

2. **Appellate Practice: OBJECTIONS: EXCEPTIONS: INSTRUCTIONS.** The appellate court can not review the instructions where appellant's abstract does not show that exceptions were taken and preserved.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins, Judge.*

AFFIRMED.

*Thomas Dolan* for appellant.

Filed brief on merits.

*W. E. & G. J. Grayston* and *Wollman, Solomon & Cooper* for respondent.

(1) The burden is on appellant to furnish an honest abstract or abridgment of the record. He must set out the portions of the record relied upon. He will not be permitted to shift the burden to respondent by filing a wholly insufficient and garbled abstract. Bank v. Davidson, 40 Mo. App. 421; Cuomo v. City of St. Joseph, 24 Mo. App. 567; Brand v.

Cannon, 118 Mo. 595; Johnson v. Carrington, 120 Mo. 316; Garrett v. Kansas City C. M. Co., 111 Mo. 279. (2) "The alteration of a note not fraudulently made, though it may destroy the written evidence of the debt, does not affect the mortgage executed to secure the note thus altered; and. a mortgage alone, without the production of the note secured by it, is evidence of the title and the mortgage debt." Baskin v. Wayne, 62 Mo. App. 515, and cases cited; Clough v. Seay, 49 Iowa 111; Crooker v. Holmes, 65 Maine 195; Powers v. Patton, 71 Maine 583; Smith v. Johns, 3 Gray 517.

SMITH, P. J.—This is an action in replevin to recover a piano. Plaintiff had judgment and defendant appealed. The defendant, it appears, gave the plaintiff a number of promissory notes for the purchase price of the piano which he secured by a chattel mortgage thereon. After payment of several of the first of the notes falling due he made default in the payment of the last thirteen of them. The plaintiff brought this action to recover the piano so that he could subject it to sale under the mortgage for the payment of unpaid overdue notes.

The defense seems to have been that all of the notes except one had been altered after delivery by plaintiff by inserting thereon the word "date," so as to make them bear interest from date. The mortgage, which was given after the notes, recited the fact that the notes therein referred to drew interest from date. The mortgage is in no way called in question, and without the production of the notes in evidence it was evidence of the debt in the absence of fraud sufficient to support the plaintiff's action. There was no pretense that the mortgage debt had been satisfied. Besides this, it is not claimed that one of these notes was in any way altered. This being unpaid was sufficient of itself to support the plaintiff's claim if there was nothing else. The evidence as to whether or not there was an alteration of the notes or if so whether or not

the same was not made by the consent and acquiescence of defendant, is quite conflicting. But however this was, the recitals in the mortgage, which latter was unassailed, afforded all the evidence required to make out the plaintiff's case. Baskin v. Wayne, 62 Mo. App. 515.

The defendant complains of the action of the court in giving for plaintiff and refusing for him certain instructions, but the action of the court in that regard is not subject to review by us because it does not appear from the defendant's abstract that any exceptions were taken; or if so, preserved to such action.

Any way, from aught that appears from the record, the judgment was clearly for the right party and must be affirmed. All concur.