# ZARTMAN-THALMAN CARRIAGE COMPANY, Appellant, v. REID & LOWE et al., Respondents.

**Kansas City Court of Appeals, April 6, 1903.**

1. **Liveryman's Lien:** COMMON LAW: STATUTE: STRICT CONSTRUCTION. The statute giving a liveryman a lien upon animals boarded and the vehicles coming into his possession therewith is in derogation of common law and is to be strictly construed, which means the case will not come within the statute unless the language includes it.

2. ———: ———: ———: ———. The statute does not give a lien on a vehicle not coming into the possession of the liveryman at the same time the horse does, though it may, coming subsequently, be in the possession of the liveryman simultaneously with the animal; Ellison, J., dissenting, holds that the delivery of possession need not be simultaneous, but merely the possession.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

REVERSED.

*Beardsley, Gregory & Kirshner* for appellants.

(1)   At common law, there was no lien in favor of the livery-stable keeper. Now, by statute in most of the States, such a lien has been given upon the animal cared for, and in three or four of the States, not only upon the animal, but upon buggies, harness, etc., but we are not able to find any other statute like our own. This statute being in derogation of the common law, must be strictly construed. Stone v. Kelley, 59 Mo. App. 218; Howe v. Newcomb, 146 Mass. 79; Ingalls v. Vance, 61 Vert. 582; Hershy v. Duval, 47 Ark. 86; 14 S. W. 469; LaLande v. His Creditors, 42 La. Ann. 705, 7 So. 895; Trust Co. v. Railroad, 99 Ala. 416, 14 So. 546; Harrington v. Herrick, 64 Fed. 468; Starns v. Hill, 112 N. C. 1, 16 S. E. 1011; Fishell v. Morris, 57 Conn. 547,

6 L. R. A. 82; Fein v. Wyoming L. & T. Co., 3 Wyo. 331, 22 Pac. 1150; Workman v. Warder, 28 Mo. App. 6; Cunningham v. Hammill, 84 Mo. App. 393.

*Marley & Swearingen* for respondents.

(1) The defendants were entitled to retain possession of the buggy under and by virtue of the lien given by section 4228, Revised Statutes 1889. (2) This statute is remedial in its nature, and should receive a liberal construction. Dewitt v. Smith, 63 Mo. 266; Dugan Company v. Gray, 114 Mo. 500; Kelsey v. Lane, 28 Kan. 224. (3) The chattel mortgage relied upon by plaintiff was clearly void as against the defendants. Sec. 3404, R. S. 1899; Bank v. Powers, 134 Mo. 446. (4) The defendants clearly had the right to apply the payments to the credit of J. A. Wright's older account as was indicated by the testimony of Reid. Gautner v. Kemper, 58 Mo. 567; Price v. Merritt, 55 Mo. 646.

SMITH, P. J.—Defendants Reid & Lowe were livery-stable keepers doing business in Kansas City. On May 5, 1900, the defendant John A. Wright brought a horse to said livery stable to be kept and cared for. The price agreed upon for the keep was fifteen dollars per month. The horse remained continuously until the latter part of March, 1901.

The Harrigan-Zartman Carriage Company was a partnership in the year 1900, at Kansas City, engaged in the manufacture and sale of buggies. *On August* 18, 1900, said J. A. Wright came to the place of business of this manufacturing firm to buy a buggy, as he said, for his father, defendant W. M. Wright. He picked out a surrey, the agreed price of which was $275. He paid $75 in cash, produced a general power of attorney to act for his father, and under it, and in pursuance of it, executed four promissory notes for $50 each, due in one, two, three and four months, and a chattel mortgage on the buggy to secure the notes. His

statement to the carriage company at the time was that his horse was at the livery stable; that he wanted the buggy sent there, that it would be there but a few days when he would take it to his place where he was finishing a barn.

Through an oversight on the part of the carriage company, the chattel mortgage was not filed in the office of the recorder of deeds until February 8, 1901.

Wright did not take the surrey away from the livery stable. Some time after the filing of the chattel mortgage, the Zartman-Thalman Carriage Company (successors to the The Harrigan-Zartman Company) learned that the carriage was still at the livery stable. The notes being unpaid, demand was made for the possession of the carriage, which was refused, and thereupon suit in replevin was brought against Reid & Lowe, the livery-stable keepers, W. M. Wright and J. A. Wright. The defendants Wright defaulted. Defendants Reid & Lowe set up a claim of agister's lien against the surrey.

A jury was dispensed with and the cause was tried by the court. It made a special finding of facts and rendered judgment, computing the amount which was due for the feed and care of the horse for the period beginning at the date when the buggy came into possession of the livery-stable keepers, August 19, 1900, down to the time when the buggy was replevined, at which time also the account for the care of the horse ceased, and held that the livery-stable keepers had a lien on the surrey for this amount which the court held was a prior and better lien than that of the chattel mortgage under which plaintiffs claimed.

It is in effect conceded that the rights of the parties to this controversy are to be determined by the construction which shall be placed on the provisions of section 4228, Revised Statutes, which is as follows: "Every person who shall keep, board or train any horse,

mule or any animal, shall, for the amount due therefor, have a lien on such animal, and on any vehicle, harness or equipment coming into his possession therewith." This statute is in derogation of the common law and should for that reason be strictly construed. Stone v. Kelley, 59 Mo. App. 218; Howe v. Newcomb, 146 Mass. 79; Ingalls v. Vance, 61 Vt. 582. As to statutes in derogation of the common law, an eminent writer (Sutherland on Statutory Construction, sec. 400) has said: "Such statutes as take away a common-law right, remove or add to common-law disabilities, or provide for proceedings unknown or contrary to that law, are construed strictly. The courts can not properly give force to them beyond what is expressed by their words, or is necessarily implied from what is expressed." And the same writer has further said, that the difference between a liberal and a strict construction of a statute is that a case may come within one unless the language excludes it while it (the case) is excluded by the other unless the language includes it., Sutherland on Stat. Constr., sec. 348.

Now, applying the rule of strict construction to the statute which I have already quoted, can it be doubted that its language includes the case under consideration? The word "therewith"—the last in the section—according to the latest standard dictionaries of the English language (Webster's Int. Dict., Standard Dict.) is the equivalence in meaning of the words "with that or this—at the same time." And taking the definition of the word to be that just given, it is plain that no other interpretation can be placed upon all the words with which it is associated in the statutory collocation than that what is meant by them is that the livery man is given a lien only where the *vehicle, harness or equipment comes into his possession at the same time with the horse, mule or other animal" for the amount of the keep or board of the latter.* The language of the statute does not give a lien on a vehicle or harness for the

keep or care of a horse, unless such vehicle comes into the possession with or *at the same time the horse does.* A lien on a vehicle coming into the possession of a liveryman at a time prior or subsequent to that of the horse for the board of the latter is not included in the statute and as it is unknown to the common law it can have no existence.

But it has been argued that though the vehicle in the first instance came into the possession of the defendants (liveryman) long after the horse did, yet as both were afterwards in their possession at the same time, this was equivalent to a coming into possession at the same time. If the question of the construction of section 4228 were *res nova,* as it is not (Stone v. Kelley, supra) I should be inclined to give it a liberal construction since it is remedial in its character; but restrained as I am by my reverence for the maxim, *stare decisis, et non quieta movere*—a maxim to which the revisory courts of this State have of recent years shown little heed—I must adhere to that adopted in the case just cited. To concede the correctness of defendants' argument would in effect be to overthrow the construction heretofore placed upon this statute by us. It is manifest if the statute is given a liberal construction the defendants are entitled to the lien claimed, but if it be given a strict construction they are not.

The vehicle in the present case, as has been stated, came into the possession of the defendants—the liverymen—several months subsequent to that of the horse for the amount of whose board a lien is claimed; and therefore it is clear that the case is not one included in the language of the statute.

Whether or not the plaintiffs' mortgage on the vehicle had been recorded prior to the time such vehicle went into the possession of defendants Reid & Lowe is of no consequence since the latter had no lien on such vehicle and as the mortgage, though not duly recorded,

was valid as between plaintiffs and the other defendant, Wright.

I think the court erred in concluding there was a lien in favor of Reid & Lowe which entitled them to the possession as against the plaintiffs, and accordingly I think the judgment ought to be reversed.   *Broaddus, J.,* concurs.

### DISSENTING OPINION.

ELLISON, J.—I do not think the construction given to the foregoing statute by Judge SMITH is the proper construction.   The vehicle must be such as may be used in connection with the horse, and when it is such, the lien attaches to it for the feed of the horse for the period that the possession has covered both at the same time.   The primary meaning given to the word, "therewith," is, "with that, this or it." See Webster's, the Standard, and the Century dictionaries. Possession is a continuous act; and when the statute uses the expression in question, it does not mean that the *delivery* of possession shall be simultaneous, but merely that the possession must be simultaneous.   The phrase "coming into his possession therewith," is no more than if it had read, "being in his possession therewith," or, "coming into his possession with such animal." Not that the vehicle shall come into his possession at the same time the animal does, but merely that it shall come into his possession with the animal, that is to say, *while* the animal, which may be used in connection with it, is in his possession.

It seems to me that this construction of the statute is not a loose one, but is strictly within its meaning under the rule adopted by us in Stone v. Kelley, 59 Mo. App. 214; Baskin v. Wayne; 62 Mo. App. 515; Miller v. Crabbe, 66 Mo. App. 660, and by the St. Louis Court of Appeals in Lazurus v. Moran, 64 Mo. App. 239. I therefore believe the judgment should be affirmed.