EDWARD M. BAILEY, Appellant, v. GILMAN
BANK et al., Respondents.

Kansas City Court of Appeals, April 27, 1903.

1. **Contracts: RESCISSION: STATU QUO: VALUE RECEIVED:
   JURY.** One who would rescind a contract must put the other
   party *in statu quo,* but where the thing purchased is valueless
   there is nothing to return and the law will not require an idle
   ceremony; and the value of an equity of redemption purchased by
   the plaintiff was, on the evidence, a question for the jury.

2. **Alteration of Instrument: IMMATERIAL.** The alteration of a
   promissory note, a facsimile of which is set out in the opinion, is
   held not to have varied its legal effect in the slightest.

3. ———: ———: **DEBT: MORTGAGE: EVIDENCE: REPLEVIN.**
   Even an immaterial alteration in a note nullifies it and it can not
   be received in evidence; but a mortgage without the production of
   the note is evidence of its existence and of the debt, and the nullifi-
   cation of the note does not discharge the debt and replevin by the
   maker will not lie against the assignee of a non-negotiable note
   though it is nullified by an immaterial alteration.

4. ———: **ASSIGNEE: EVIDENCE: POSSESSION.** The assignee
   of a note, nullified by an immaterial alteration, may use such note
   as evidence in an action against his assignor, and is therefore en-
   titled to the possession of such note as against the maker who can
   not be injured by the outstanding of such instrument.

Appeal from Harrison Circuit Court.—*Hon. P. C.
Stepp,* Judge.

REVERSED AND REMANDED.

*Platt Hubbell, George Hubbell* and *J. C. Wilson*
for appellant.

(1) Replevin may be maintained to recover a note
obtained by fraud. Goodger v. Finn, 10 Mo. App. 1.
c. 231; Goldsmith v. Taussig, 60 Mo. App. 460; Gotcher
v. Haefner, 107 Mo. 1. c. 277; Keim v. Vette, 167 Mo.
389. (2) The foregoing observations show that a
note, though paid, has a value to the maker, and where
it is thus paid, and the plaintiff, as against the defend-

ant, is entitled to the possession, it is enough to state a nominal money value. Savery v. Hays, 20 Iowa 25; s. c., 89 Am. Dec. 512. (3) The only interest in the land that Beckner parted with by his deed to Bailey, was his equity of redemption; the only interest Bailey acquired by his deed from Beckner, was Beckner's right to redeem. It was nothing more than a privilege or license. Snyder v. Railroad, 131 Mo. 580. "If it was absolutely worthless, no tender or return of it was necessary." Wicks v. Smith, 30 Am. Rep. 435; s. c., 21 Kan. 412; Bank v. Peck, 8 Kan. 447; Smith v. McNair, 19 Kan. 334; Babcock v. Case, 100 Am. Dec. 655; Poe v. Stockton, 39 Mo. App. 560; Compton v. Parsons, 76 Mo. 457; 14 Am. and Eng. Ency. Law (2 Ed.), 162, note 1; 21 Am. and Eng. Ency. Law (1 Ed.), 89. (4) Plaintiff Bailey is entitled to maintain replevin for this note, for the reason that it was rendered void by the aforesaid alteration. He is entitled to the possession of this note because it has his signature affixed to it, and he has the right to the possession of it in order to protect himself from vexatious litigation by reason thereof. Smith v. Eals, 46 N. W. 1111; s. c., 25 Am. St. Rep. 486, 81 Iowa 235; Savery v. Hays, 20 Iowa 25; Sigler v. Hidy, 56 Iowa 504; Cobbey on Replevin (2 Ed.), 76; 20 Am. and Eng. Ency. of Law (1 Ed.), 1061; Moore v. Hutchinson, 69 Mo. 429; Kelly v. Thuey, 143 Mo. 434; Haskell v. Champion, 30 Mo. 138; Burnham v. Gasnell, 47 Mo. App. 639; Morrison v. Garth, 78 Mo. 437; Bank v. Fricke, 75 Mo. 182; Allen v. Dornan, 57 Mo. App. 291; Evans v. Foreman, 60 Mo. 452; Bank v. Dunn, 62 Mo. 79; Bank v. Bossermann, 52 Mo. App. 272; Girdner v. Gibbons, 91 Mo. App. 412; Clark v. Barnes, 58 Mo. App. 672; 16 Am. and Eng. Ency. of Law (2 Ed.), 704; 55 Cent. Law J. 102; Collier on Bankruptcy, p. 108.

*O. N. Gibson* for respondent.

(1) One who would rescind must offer to put the other party *in statu quo*. Crumb v. Wright, 97 Mo.

138; Estes v. Reynolds, 75 Mo. 563; Melton v. Smith, 65 Mo. 315; Woods v. Straup, 63 Mo. 437; Woodward v. Van Hoy, 45 Mo. 300; Smith v. Busby, 15 Mo. 388; Taylor v. Short, 107 Mo. 384; Robinson v. Siple, 129 Mo. 208; Chemical Co. v. Nickells, 66 Mo. App. 678; Shoe Co. v. Bank, 56 Mo. App. 663; Publishing Co. v. Hall, 81 Mo. App. 277; Kirk & Co. v. Seeley, 63 Mo. App. 262-5; Viertel v. Smith, 55 Mo. App. 617-20; Brockhus v. Schilling, 52 Mo. App. 73-81; Johnson v. Agricultural Co., 20 Mo. App. 100; Hart v. Hamlin, 43 Mo. 171-5; Lapp v. Ryan, 23 Mo. App. 436-9; Com. Co. v. Railroad, 52 Mo. App. 407; Overton v. Brown, 63 Mo. App. 49; Tatum v. Brooker, 51 Mo. 148; Lockwood v. Railroad, 65 Mo. 233-6; Walker v. Owens, 79 Mo. 563; Woodson v. Hubbard, 45 Mo. App. 356-63. (2) Except in Missouri and New Jersey, the rule prevails that an immaterial alteration does not vitiate an instrument. 2 Am. and Eng. Ency. Law (2 Ed.), pp. 220-221. The following cases favor the doctrine, that an alteration nullifies, whether material or immaterial: Haskell v. Champion, 30 Mo. 136; Bank v. Dunn, 62 Mo. 79. The following direct adjudications hold that an immaterial alteration does not nullify: Bank v. Bangs, 42 Mo. 450; Williams v. Jensen, 75 Mo. 681; Bldg. Ass'n v. Fitzmaurice, 7 Mo. App. 283. In the following cases the materiality appears to have been regarded as the controlling question: Whitmer v. Frye, 10 Mo. 348; Lubbering v. Kohlbrecher, 22 Mo. 596; Ivory v. Michael, 33 Mo. 398; Owings v. Arnot, 33 Mo. 406; Bank v. Bangs, 42 Mo. 450; Britton v. Dierker, 46 Mo. 591; Bank v. Nickells, 34 Mo. App. 295-301; Johnson v. Parker, 86 Mo. App. 660; Heman v. Gilliam, (Mo. Sup.), 71 S. W. 163. The following cases regard the motive with which the alteration was made as important: Lubbering v. Kohlbrecher, 22 Mo. 598; Baskin v. Wayne, 62 Mo. App. 515; Bank v. Pettit, 85 Mo. App. 497-503; Girdner v. Gibbons, 91 Mo. App. 412-4. (3) An altered instrument is evidence in a collateral proceeding. Par-

ker v. Moore, 29 Mo. 218; Wood v. Hildebrand, 46 Mo. 284. (4) It is no defense to an action upon a mortgage that the notes which it secures have been altered. Baskin v. Wayne, 62 Mo. App. 515; Huffman v. Malloy, 91 Mo. App. 367. (5) If date of maturity of a note is left blank, the payee is authorized to fill it in. Wilson v. Henderson, 48 Am. Dec. 718; Bank v. Bingham, 118 N. Y. 348, 23 N. E. 180. (6) One who would have an altered instrument delivered up or cancelled must restore whatever consideration he has received by virtue of it. Singleton v. McQueery, 85 Ky. 41; Cannon v. Grigsby, 116 Ill. 151; 5 N. E. 362; Emerson v. Opp. 9 Ind. App. 581; 34 N. E. 840.

SMITH, P. J.—This is an action of replevin to recover the possession of a non-negotiable promissory note. The case presented by the record is about this: The defendant Beckner. on August 26, 1901, by deed of that date, conveyed to plaintiff a certain tract of land for the expressed consideration of $2,300, subject to a deed of trust for $1,675 and the interest thereon. It is in effect conceded that defendant Beckner fraudulently misrepresented to plaintiff that there were no incumbrances on said tract of land except the $1,675 deed of trust and one year's interest thereon, amounting to $134, and that by reason of such fraudulent misrepresentations plaintiff was induced to purchase it and to accept a deed therefor subject to said deed of trust and interest thereon for only one year when there was four years' interest due thereon, etc. As to the fraudulent misrepresentations, there seems to be no serious dispute.

Plaintiff executed and delivered to Beckner his note for $375 as a part of the consideration for the purchase price of the land. The note so given was secured by a deed of trust covering certain live stock and was pledged by Beckner to the defendant bank to secure a loan made by it to him.

The defendants contend that even if the said promissory note was procured by the defendant Beckner of the plaintiff by fraudulent misrepresentation, the plaintiff is not entitled to recover, for the reason that he has not offered to put either the defendant bank or Beckner *in statu quo;* that is to say, he did not upon discovering the fraud promptly rescind or offer to rescind his contract, or offer to reconvey the right acquired by him under the Beckner deed. It is admitted that under the general rule that one who would rescind must put the other party *in statu quo,* and this omission would be fatal to plaintiff's right to recover were it not that the case falls within an exception to this general rule. Plaintiff contends that under the Beckner deed nothing passed to him but a mere right to redeem the land—a right that was utterly and wholly valueless. The law is quite well settled that where a party seeking to rescind a contract of sale or purchase has received nothing of value thereon, it is not a condition precedent to his recovery that he return or offer to return, because in such case that would be an idle and useless ceremony that is never required by law. Poe v. Stockton, 39 Mo. App. 560; Compton v. Parsons, 76 Mo. 455; Brown v. Weldon, 27 Mo. App. 251; McCormick Machine Co. v. Brady, 67 Mo. App. 294; Thummel v. Dukes, 82 Mo. App. 53; Murphy v. Gay, 37 Mo. 536; Bank v. Peck, 8 Kans. 660; Wicks v. Smith, 21 Kans. 412; Bassett v. Brown, 105 Mass. 551. The right acquired by plaintiff under the Beckner deed was no more than a right to redeem. Snyder v. Railroad, 131 Mo. l. c. 580. Whether or not this right was absolutely worthless was an issue of fact touching which the evidence was not all one way.

There was some evidence which tended to prove that it was agreed between plaintiff and defendant Beckner at the time of the transaction of the sale and purchase that the land was of the value of $2,300, and that as this amount exceeded that of the principal and inter-

est due on the deed of trust note by about fifty dollars, or, in other words, that that amount was the value of the right of plaintiff's equity of redemption. But there was further evidence which tends to prove that the value of the land was much less than $2,300. Whether there was an agreement as to the value of the land, or, if so, what that value was, is also a disputed question of fact. It follows from the foregoing observations that the question as to whether or not the plaintiff's right to redeem was worthless, was one for the jury and not for the court. If such right was worthless, then the plaintiff was not required to prove a timely offer to rescind as a condition precedent to his right to a recovery.

The plaintiff claims the right to maintain his action on the further ground that the _e, after its execution and delivery, was rendered void by an alteration thereof. The nature and extent of such alteration will appear by reference to the following fac simile copy of the note itself:

No. ____

$375.00

Wilmington, Del., Dec. 26 1901

_____ after date for Value received I promise to pay

to _____ Perry J. Beckner _____ or order

Three Hundred & Seventy five 00/100 Dollars

at 8% per annum

To bear interest at the rate of 8% per cent per annum from Date. And further hereby agree that if this Note is not paid when due to pay all costs necessary for collection, including ten per cent for attorney's fees.

1902

Due May 1st 1902

Edward M. Baley

It is quite apparent that the erasure and alteration thus appearing in no way varied the legal effect of the instrument in the slightest. The terms "May 1st after," which it appears were inserted after the execution and delivery of the note are not at variance with the subsequent terms "Due May 1, 1902." The insertion of the former did not alter or change the legal effect of the instrument. Its legal effect was the same after as before the alteration. It will be seen by reference to the numerous cases cited in the briefs of counsel from our own reports that an unauthorized alteration, whether material or immaterial, nullifies the instrument and destroys it as evidence in an action brought upon it. A recovery upon a mortgage has been upheld, although the note which it was given to secure had been fraudulently altered. And further, that a mortgage alone, without the production of the note secured by it, is evidence of the title and the mortgage debt. Baskin v. Wayne, 62 Mo. App. 515; Hoffman v. Molloy, 91 Mo. App. 367. The nullification of the note does not discharge the debt. It is not payment. No doubt it is true, that where a note has been paid that the maker is entitled to recover possession of it in an action of replevin, but here there is no claim made that the note has been paid. The most that can be claimed is that it has been altered in an immaterial particular, and for that reason no recovery can be had on it.

And while it can not be received in evidence in such an action, yet since the debt for which it was given has not been discharged by the alteration, and since the existence and binding validity of the debt may be still established by the production of the mortgage alone, it is quite difficult to discover what right plaintiff has to such note. In its altered condition it in no way impairs his credit, nor has it apparently increased or augmented his indebtedness. It is not like a note which he never owed and never signed, and to which his name has been forged. In the latter case the reason why he should

be entitled to the possession of the forged instrument
is quite apparent. The existence of such an outstand-
ing instrument would be well calculated to impair his
credit and menace him with litigation. But in the
present case no such consequences can result to him
from the possession of the note by the bank, or any one
else. If he could be compelled to pay it,-which he can
not on account of the alteration, he would not be injured
by that because in doing so he would be paying the debt
still in existence and evidenced by the deed of trust.
Under such conditions, what benefit or advantage could
the maker gain by recovering possession of the note,
or what injury or damage would he suffer if the payee
or his assignee retain possession until the mortgage be
satisfied? It must be plain that he would thereby
neither be benefited nor detrimented.

Again, while such note could not be used in evi-
dence in an action on it, but in an action by an assignee
against his assignor, it would, upon principle, be admiss-
ible. Parker v. Moore, 29 Mo. 218. No reason is seen
why the assignor of a non-negotiable promissory note
by his assignment does not impliedly warrant that the
instrument itself is genuine. Parsons on Notes and
Bills, 588-9; Story on Prom. Notes, sec. 135. Hence, as
between the assignee and assignor of a note which has
been altered in any of its terms since it left the hand
of the maker, such an instrument is to be regarded as
genuine, and in a collateral action by the latter against
the former it would be admissible in evidence. A rule
that would require the assignee of a note containing an
immaterial alteration to deliver the possession of it to
the maker and thus deprive him of the best, and in some
cases the only evidence of the extent of the assignor's
liability to him, would be most unjust, indeed. We can
not think that by an action of replevin an innocent
holder for value of an instrument like that here, who
has an action against his assignor, can be deprived of
the only evidence by which his action in many cases can

be proved. Nothing is seen in the law itself or its policy that upholds the plaintiff's claim to the possession of it as against the defendant bank, the holder and transferee for value—and therefore we think the peremptory instruction as to this claim of the plaintiff was proper.

Having considered the decisive questions raised by the appeal, it becomes unnecessary to notice those of a minor character suggested in the briefs. The judgment will be reversed and the cause remanded. All concur.