BLACK, Appellant, v. BRITTAIN, Administrator, Respondent.

**St. Louis Court of Appeals, January 30, 1906.**

**ADMINISTRATION: Absolute Property of Widow: Widower.** Section 111, Revised Statutes 1899, which gives a widower the same absolute property and the same rights as a widow, being in derogation of common law, is strictly construed and can only apply where the wife died "intestate" as provided by said section.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*Mooneyham & Mooneyham* for appellant.

It was the intention of the Legislature in enacting the section now 111, R. S. 1899, to place the husband and wife on equal terms as to the property of the other. Wood v. Donaldson, 87 Mo. App. 1. The absolute property of widow cannot be disposed of by will. Hasenritter v. Hasenritter, 77 Mo. 162; Coulter v. Lyda, 102 Mo. App. 411. The property devised is such, largely if not entirely, as the law gives him, and there was nothing for the will to operate on. Burgess v. Bowles, 99 Mo. 543. She did not mention her grandchildren and therefore died intestate as to them. R. S. 1899, sec. 4611.

*T. J. Gideon & Sons* for respondent.

The Legislature in enacting section 111, R. S. 1899, never intended to place the husband on an equal footing with the wife as to the property mentioned in sections 105, 106, 107 and 109, R. S. 1899, but left him where he was before its enactment, unless the wife dies, "intestate," then section 111, applies and puts him on equal

terms, but if she makes a will, then this section does not apply and has no force or effect whatever, and the case of Wood v. Donaldson, 87 Mo. App. 1, does not help out the contention of the appellant for it in effect holds that the wife must die intestate before the widower is entitled to any remedy or relief under sections 105, 106, 107 and 109.

BLAND, P. J.—The plaintiff presented the following claim to the probate court of Greene county, to-wit:

"Comes now J. A. Black, your petitioner, and represents to the court that R. A. Black died on the 20th day of January, 1904, and that your petitioner was her husband, and is now her widower. That by virtue of section 111, R. S. 1899, he, as her widower, is entitled absolutely to the property mentioned in sections 105, 106, 107 and 109. That said decedent died intestate as to all her heirs and distributees except your petitioner. That all of said articles and property mentioned in said sections being all of the household goods and kitchen furniture inventoried and appraised at $129.45, which the decedent owned at the time of her death, and are now in the hands of John W. Brittain, her administrator. Also the sum of $400 as his absolute property as said widower, and one year's support. Wherefore your petitioner prays that an order be made by the court directing the administrator to deliver to petitioner such of the said articles in said sections specified as are now in his possession and for $400 and one year's support."

Plaintiff succeeded in having his claim allowed in the probate court. The administrator appealed to the circuit court, where the case was tried anew upon the following agreed statement of facts:

"It is agreed that the plaintiff, J. A. Black and the deceased, R. A. Black, were at and before the death of the said R. A. Black, deceased which occurred on the 20th day of January (1904), husband and wife, and that on the 18th day of January, 1904, the said R. A. Black,

deceased wife of the plaintiff, J. A. Black, made her last will and testament as follows:

" 'Know all men by these presents, that I, Mrs. R. A. Black, do make and publish this my last will and testament: My will is that all of my just debts and funeral expenses shall be by my executor hereinafter named, paid out of my estate as soon after my decease as shall by him be found convenient. I give, devise and bequeath unto my beloved husband, J. A. Black, all of my household furniture, goods and chattels of every description. I appoint my beloved husband, J. A. Black, to be the executor of this, my last will and testament, dated January 18, 1904.'

"That thereafter on the 20th day of January, 1904, the said R. A. Black died at Greene county, Missouri, leaving the plaintiff as her widower, and four sets of grandchildren, descendants of her children, who are all dead. That after her death the said will was duly probated by the probate court of Greene county, Missouri, and admitted to record on the 30th day of January, 1904.

"That J. W. Brittain, appellant, is administrator with the will annexed of the estate of R. A. Black, deceased.

"That the only issue submitted for determination, is whether or not under the law and facts in this case, J. A. Black, respondent, as the widower of the deceased is entitled under section 111, to the property and allowances mentioned in sections 105, 106, 107 and 109, R. S. 1899. And it is further agreed that the value of the household and kitchen furniture belonging to her at her death, as shown by the appraisement of her estate was about $131.00, and that the other assets in the hands of the administrator is about $627.43, and that the debts allowed against the estate at this time are about $418.46."

The circuit court found the issues for the defendant on the agreed statement of facts, and rendered judgment against plaintiff.

1. Section 111, R. S. 1899, relied on by the plaintiffs, was first passed in 1895 (Laws, 1895, p. 35) and reads as follows:

"If a wife shall die intestate, owning personal property in her own name, in addition to curtesy her widower shall be allowed to keep as his absolute property all the articles and property, and be entitled to all the remedies and reliefs as relates to the deceased wife's property, as is now provided for the widow in the deceased husband's property, under and by virtue of section 105, 106, 107 and 109 of said article and chapter."

The section is in derogation of the common law and for this reason must be given a strict construction (Gibbons v. Steamboat Fanny Baker, 40 Mo. 253; Jackson v. Railway, 87 Mo. 422; Sarazin v. Railway, 153 Mo. 479, 55 S. W. 92) and should not be allowed to infringe on the rules and principles of the common law to any greater extent than is plainly expressed. [State v. Clinton, 67 Mo. 380; Zartmen-Thalman Carriage Co. v. Reid & Lowe, 99 Mo. App. 415, 73 S. W. 942.] At common law, the husband, as the widower of his wife, was not entitled to any property allowed the widow on the death of her husband, by section 105, 106 and 107, R. S. 1899. Section 111 gives the widower, in respect to this property, the same right as the widow, if she dies intestate. The statute so reads. Since an elastic construction of the section cannot be given so as to infringe upon the common-law rules and principles any further than is expressed, we are forced to conclude that where the wife dies testate, section 111, supra, as to her husband, is a dead letter.

The judgment is affirmed. All concur.