Jones, by guardian, vs. Franklin.

---

### JONES, by guardian, vs. FRANKLIN.

1. ANCIENT WARRANTY: *Superseded by personal covenants.*
   The ancient common law warranty has been superseded by personal covenants, and never had any practical existence in this country.
2. COVENANT OF WARRANTY: *How the heir affected by.*
   The ancestor's covenant of warranty will not operate as a bar to the title of the heir by way of rebutter, as to lands not descended to him from the warranting ancestor.

Jones, by guardian, vs. Franklin.

3. SAME.

Assets descended to the heir, may be subjected to the satisfaction of damages for the breach of the ancestor's covenant of warranty.

APPEAL from *Jefferson* Circuit Court in Chancery.

*Bell and Wassell & Moore*, for appellant.

The important allegations of the bill are admitted and need not be proved. *Pelham* v. *Floyd*, 9 Ark., 530; *Hardy* v. *Heard*, 15 ib., 195. The averments of the answer made for avoidance should be. *Stilwell* v. *Badgett*, 22 Ark., 164; *Hart* v. *TenEyck*, 2 John. Chan., 88; *Patton* v. *Ashley*, 8 Ark., 297.

ENGLISH, CH. J.:

Mary F. R. Jones, a minor, by her next friend, Marcus L. Bell, filed the bill in this case, on the chancery side of the Jefferson Circuit Court, against Solomon Franklin, 4th April, 1872.

The bill alleges, in substance:

That Stark Washington died in Jefferson county in the year 1839, leaving his widow, Catherine H. Washington, and three children—Henry, Martha and Fannie.

That Stark Washington made a will, which was duly probated, etc., (and copy made an exhibit,) whereby he devised his entire estate to his said widow and children, share and share alike.

That among other lands owned by him at his death, was the south fractional half of the northwest quarter of section 14, township 6 south, range 8 west, containing seventy-nine and 76-100th acres.

That Catherine H. Washington, the widow, and Henry and Martha, two of the children, had long since sold their respective shares of said tract of land, and that by proper claim of title the defendant, Franklin, was in possession thereof, and entitled to three-quarters of said land.

That Fannie Washington, one of the children of Stark Washington, who was, under his will, entitled to one-fourth interest

in said land, intermarried with Solon B. Jones, on the 6th June, 1854, being then aged seventeen years, and a minor, and died on the — day of ——, 1855, being still a minor, leaving her, surviving her said husband, and the plaintiff, an infant, sole child and heir; and that Solon B. Jones died about December, 1861, without issue except plaintiff.

That said Fannie, plaintiff's mother, never parted with her interest in said tract of land, and plaintiff, as her heir, was entitled, in her own right, to the estate of her mother therein, and that defendant was in possession thereof.

Prayer that plaintiff be decreed one undivided fourth of said land, that partition be made between plaintiff and defendant according to their respective rights, that an account be taken of the rents and profits, and one-fourth thereof be decreed to plaintiff, etc.

Stark Washington, in the first item of his will, directed the payment of his debts and funeral expenses as soon after his death as possible, out of any money he might die possessed of, or that might first come into the hands of his executrix from any portion of his estate, real or personal.

Item second is as follows :

"I give and bequeath all of my estate, real and personal, unto my wife and children, to be equally divided among them, and furthermore, wish that my estate may be kept together until such time as my executrix may think proper to give unto any of my children that may come of age, or get married, such portion as she in her opinion may think proper."

Then follows a clause appointing his wife, Catherine H. Washington, his sole executrix. The will bears date 29th December, 1838.

The defendant, Franklin, answered in substance :

That Catherine H. Washington, widow of Stark Washington, and grandmother of plaintiff, and Henry Washington, one of

the devisees in said will, on the 25th June, 1849, conveyed by a regular deed of conveyance, all of the land described in the bill to Green D. Atkins, in consideration of $3,000, in which deed they covenanted as follows: "And we, the said parties of the first part, do hereby covenant for ourselves, our heirs, executors, administrators and assigns, to and with the said party of the second part, his heirs and assigns, that we will warrant and defend the title of said premises in fee to the said second mentioned party, his heirs and assigns, forever, against any and all persons whomsoever."

The answer then proceeds to trace the title to the land by a chain of conveyances from Atkins, through a number of persons down to defendant, referring to the registration of the several deeds, in the chain on the books of the recorder of the county, etc.

Then avers that defendant is in possession, and the owner of all of the land described in the bill, by a regular chain of title from Green D. Atkins and Catherine H. Washington, as shown above.

Avers that plaintiff had received through her mother, Fannie, and immediately from the estate of Catherine H. Washington, assets sufficient to make good the covenants in said deed of conveyance to Atkins in the event they were broken.

That by virtue of the covenants in said deed from Catherine H. Washington to Green D. Atkins, and in consideration of the fact that plaintiff had, through her mother, and immediately, received from the estate of said Catherine H. Washington assets sufficient to make good the covenants in said deed of conveyance, she was rebutted from claiming any interest in, or setting up any title to any portion of the land described in the bill.

That under the will of Stark Washington, Catherine H. Washington, his wife (grandmother of plaintiff), inherited by desire an equal interest in said estate with the three surviving

children, viz.: Henry, Martha and Fannie, the last named being the mother of plaintiff, and that said Catherine H. Washington was the sole executrix appointed in said will; and, as such, qualified according to law, and undertook the execution of said will; and, as such executrix, she was authorized and directed to give off to said children or legatees such portion of said estate as she might think proper, when they became of age or married; and, in pursuance of said will, she, as such executrix, did give off to the other legatees, upon any of them arriving of age or marrying, such a portion as she thought best, and that in selling said land and executing the said deed of conveyance thereto to Green D. Atkins, she selected the land so conveyed as a part of her distributive share of said estate, as she had a right to do under the provisions of said will. That the land so selected and conveyed by her was but a small portion in value of her distributive share in said estate; and that said executrix and legatee, Catherine H. Washington, departed this life while the said estate of Stark Washington was still in process of administration, and before there had been any final distribution of said estate among the legatees.

The parties signed and filed the following agreement of facts, to be considered in evidence on the hearing of the cause:

"That plaintiff (Mary F. R. Jones) inherited, as heir in the direct line from Catherine H. Washington, her grandmother, through her mother Fannie Jones, an undivided one third part of an undivided one fourth part of a plantation in Jefferson county, known as the Washington place, and afterwards known as the Jones place; that said plantation was the property of Stark Washington, and was devised as stated in the complaint of said plaintiff, and that said one undivided one third part of one fourth interest in said plantation is worth the sum of $2,000, and that the land mentioned in said complaint is not a part of said plantation, nor ever was part of said plantation."

The court dismissed the bill for want of equity, and plaintiff appealed.

There are no recitals in the decree showing upon what the cause was heard. The entry states merely that the cause came on to be heard, and was argued by counsel, and dismissed for want of equity, at the costs of plaintiff.

There is nothing in the transcript but the bill, the will of Stark Washington made an exhibit thereunto, the answer, without exhibits, the agreed statement of facts, and decree.

The answer proposes to file as an exhibit a certified copy of the deed from Catherine H. Washington and Henry Washington to Green D. Atkins, for the tract of land which is the subject of controversy, and from which, the answer purports to copy the covenant of warranty relied on as a defense, but there is nothing in the transcript showing that the deed was ever filed, or produced at the hearing.

The affirmative allegations of the answer are not supported, except to the extent that the facts agreed on, and contained in the brief statement signed by the parties, may support them.

No brief has been filed for the appellee, and we are at a loss to determine on what grounds the court below dismissed the bill for want of equity.

The theory of the bill is that the tract of land which is the subject of the suit, was vested, in equal shares, by the will of Stark Washington, in his widow, Catherine H., and three children, Henry, Martha and Fannie, and that the appellant was entitled by descent to the share of her mother, Fannie, or one undivided fourth of the land, and that the appellee had acquired by purchase the other three fourths, and was in possession of the land; and the bill seeks partition, and an account of rents, etc.

Appellant does not claim one fourth of this tract by descent from her grandmother, but under the will of her grandfather, through her mother, one of the devisees.

Jones, by guardian, vs. Franklin.

It seems from the agreed facts, that beside the tract of land, which is the subject of the suit, Stark Washington owned a plantation of other lands, which vested by four equal shares, under his will, in his widow and three children, which remained undivided at the death of the widow, and that appellant inherited, through her mother, an undivided third of the undivided fourth of her grand mother in the plantation lands, which undivided third so inherited by appellant was of the value of $2,000.

Such seems to be the purport of the agreed facts.

Now suppose appellee produced at the hearing the deed from Catherine H. Washington to Green D. Atkins, containing the clause of warranty of title copied in his answer, the theory of the defense, so far as made out by the agreed facts, seem to be as foll)ws.

Catherine H. Washington conveyed the whole of the tract of land in controversy to Green D. Atkins, warranting the title. This covenant of warranty has followed the land by a, chain of conveyances into the hands of appellee. Appellant sues appellee, who holds the warranty of her grandmother, for one-fourth of this land, claiming title not from her grandmother, but through her mother, under her grandfather's will.

But she has inherited from her grandmother, who made the covenant for title held by appellee, through her mother, an undivided share of other and different lands, therefore she is rebutted, or, estopped from recovering the land which she claims by her bill.

The ancient warranty was a covenant real, or one concerning the realty, whereby the grantor of an estate of freehold, and his heirs were bound to warrant the title, and, either upon voucher, or by judgment in a writ of *warrantia chartæ*, to yield other lands to the value of those from which there had been an eviction by a paramount title. The heir of the warrantor was bound only on condition that he had, as assets, other lands of equal

value by descent.   Lineal warranty, was when the heirs derived title to the land warranted, either from, or through the ancestor who made the warranty; and collateral warranty, was where the heir's title was not derived from the warranting ancestor, and yet it barred the heir from claiming the land by any collateral title, upon the presumption that he might thereafter have assets by descent, from, or through the ancestor, and it imposed upon him the obligation of giving the warrantee other lands in case of eviction, provided he had assets.   These collateral warranties were deemed a great grievance, and, after successive efforts to be relieved from them, the statute of 4 Anne, C. 16, made void not only all warranties by any tenant for life, as against any person in reversion or remainder, but, as against the heir, all collateral warranties, by any ancestor who held no estate of inheritance in possession.

The remedy by the ancient warranty never had any practical existence in the United States, and personal covenants have superseded the old warranty, and they do not run with the land, but affect only the covenantor, and assets in the hands of his representatives after his death.   The remedy is by an action of covenant against the grantor, or his real or personal representative, to recover a compensation in damages for the land lost upon eviction of title.   4 Kent Com., Marg. p. 469 and c; *Logan* v. *Moulder*, 1 Ark., 320.

In *Sisson* v. *Seaburry*, 1 Sumner, 63, Judge Story said: "That the covenant of warranty, though it is deemed a personal covenant in this country, and may not authorize a recovery over of the value from the heir, if he has assets, in a *warrantia chartæ*, but only in an action of covenant; yet that does not prevent the covenant of warranty from operating as a bar to the title of the heir by way of rebutter, when it descends upon him from the warranting ancestor."

In this case the land which is the subject of the action, did not descend to appellant from the warranting ancestor (Catherine H. Washington), but she claimed under the will of her grandfather, hence the covenant in the hands of appellee did not bar her title by way of rebutter.

The appellee may, by a proper suit, subject assets which have descended to appellant, and the other heirs, from Mrs. Washington, to satisfaction of damages for breach of her covenant of warranty, and perhaps might have obtained relief by a cross bill in this case, as the bill sought to evict him from a portion of the land, but so much of his answer as was supported by the agreed facts, did not make a good defense to the bill. *Walker, ad.,* v. *Byers*, 14 Ark., 252; 18 ib., 118.

The bill, however, was defective. The will of Stark Washington gave his estate to his wife, and three children by equal shares, but empowered his wife, as executrix, to keep the estate together until such time as she might think proper to give to the children, as they came of age, or got married, such portion as she might think proper.

The bill indicates that Stark Washington left other lands besides the tract which is the subject of the suit, but does not state what disposition was made of those lands, or exclude the inference that appellant's mother, might have been apportioned her full share of the estate, on her marriage, out of the other lands, etc. Nor does the bill show whether Mrs. Washington qualified as executrix, or whether she had made any partition of the estate, or was dead, or had ceased to be executrix, or renounced the control of the estate given her by the will.

Had the bill been demurred to, the court should have directed the solicitor of appellant to amend it, she being an infant, and to set out her claim to a portion of the particular land in controversy more fully.

---

The decree must be reversed, and the cause remanded, with directions to the court to permit the bill to be amended, and that appellee have leave to plead to the amended bill.