Eva L. Lewis, Administratrix, and Lee W. Lewis, and Captain Kidd Lewis, Minors, by their next friend, Eva L. Lewis, Appellants, v. Lucina J. Mote and William H. Mote.

Real property: RESCISSION: MUTUAL MISTAKE OF FACT. Where parties having the same source of knowledge respecting their ownership of property are mutually mistaken in the belief that they acquired

title thereto as heirs. by adoption, the mistake is one of fact, and an action in equity to rescind a contract of sale of the interest of one to the other and to cancel a deed therefor will lie.

Same: TENDER OF RECONVEYANCE. Where no title passed by a convey-
2   ance and the grantee was not put in possession a tender of a re-
conveyance is not essential to a right of action to rescind the
contract and cancel the deed.

*Appeal from Tama District Court.*—HON. C. B. BRADSHAW,
Judge.

TUESDAY, JANUARY 19, 1909.

SUIT in equity to rescind a contract of sale, and to annul deeds executed in pursuance thereof. There was a judgment dismissing the petition, and the plaintiffs appeal. —*Reversed.*

*Struble & Stiger,* for appellants.

*Crosby & Fordyce* and *Willett & Willett,* for appellees.

SHERWIN, J.—Samuel J. Lewis was at one time the owner of the land involved in this suit. He conveyed it to his wife, Diana D. Lewis, who died intestate the owner thereof. James F. Lewis, the husband of the plaintiff Eva L. Lewis, and the father of the minor plaintiffs, and the defendant Lucina J. Mote, were the duly adopted children of Samuel J. Lewis, but not of Diana D. Lewis, his wife. Samuel J. Lewis died in 1896 and Diana D. Lewis in 1904. James F. Lewis and his wife, the plaintiff Eva L. Lewis, lived with Diana D. Lewis on the farm involved in this controversy at the time of her death, and, as we understand the record, James F. Lewis remained in possession thereof up to the time of his death, which occurred soon after the death of Diana D. Lewis, and since his death the same has been in the possession of his widow and heirs. Soon after the death of Diana D. Lewis, James F. Lewis

purchased of his sister, Lucina Mote, her supposed interest in the land in question as an heir of Diana D. Lewis, and paid her therefor the consideration agreed upon, which was $1,900. Thereafter it was discovered that neither of them took any title through Diana D. Lewis, and this suit followed.

It clearly appears that Diana D. Lewis died the owner of the land in question, and it is admitted that James F. Lewis and Lucina J. Mote were not adopted by her, and took no interest in the land through her.

1. REAL PROPERTY: rescission; mutual mistake of fact.

The evidence conclusively shows that, when the conveyance was made to James F. Lewis, both he and Mrs. Mote fully believed that they were legal heirs of Diana D. Lewis, and that, by reason thereof, each owned a half interest in the land in question. They were both mistaken as to this, and the only real question for determination in this case is whether the plaintiffs are entitled to relief because of such mistake.

It makes but little difference whether the mistake was in supposing that Diana D. Lewis had executed the adoption papers or in supposing that, because of the paper in fact executed, they became the heirs of Diana. Whichever theory he adopted, the mistake was one of fact, and one which a court of equity will correct. In either event, it was a mistake as to the ownership of property, and that is a mistake of fact. *Bottorff v. Lewis,* 121 Iowa, 27; *Lee & Jamison v. Percival,* 85 Iowa, 639; *Baker v. Massey,* 50 Iowa, 399; *Stedwell v. Anderson,* 21 Conn. 139; Kerr on Fraud & Mistake, 309. The mistake in this case was mutual. Both parties to the contract had the same knowledge touching their rights, and both supposed they were acting within such rights. In equity, if a purchaser has been wronged by a mistake as to the interest of his grantor, relief will be granted. The deed will be treated as an executory contract to convey, and a rescission thereof may be decreed. 1 Beach on Modern Contracts, section 805.

It is said that the plaintiffs should not recover because a deed reconveying the supposed interest was not tendered. But if the defendant had no title, which was practically conceded, and did not put the grantee in possession of the land, which is also conclusively shown, we see no occasion for tendering a deed which could convey nothing. Moreover, the minor plaintiffs could only convey through a representative duly authorized to make such conveyance by order of the court.

**2. SAME: tender of reconveyance.**

The plaintiffs are clearly entitled to the relief asked, but, in granting the same, the deed from Lucina J. Mote and husband to James F. Lewis attempting to convey the property in question should be set aside and cancelled, and it is so ordered. The motion to strike the appellees' amendment to the abstract is sustained as to all matter contained therein, except the opinion of the trial court. The judgment of the trial court is reversed, and the case is remanded for judgment in accordance with this opinion, or the plaintiffs may have such judgment in this court if they so elect.—*Reversed.*