FELS *v.* EZELL.

Opinion delivered February 16, 1931.

230

*Rowell & Alexander*, for appellant.

*Danaher & Danaher*, for appellee.

SMITH, J. Appellants, who are the widow and the heirs at law of William Fels, brought suit against C. S. McNew and others for a mandatory injunction to require them to remove a certain building which they had erected upon certain lots in the city of Pine Bluff purchased by their ancestor from R. F. Ezell and conveyed to their ancestor by Ezell in a warranty deed containing the usual covenants of warranty.

An answer was filed by the defendants, in which they admitted plaintiff's ownership of the lots described as having been purchased by William Fels from R. F. Ezell, but denied that the building was located on any of those lots and alleging their ownership of the land on which the house stood.

It is apparent, from this brief statement, that the issue was presented as to the boundary line between the Fels lot and the land owned by defendants, it being alleged by the plaintiffs that the house was on the Fels lots, while the truth of that statement was denied by the defendants. With this issue raised, appellants, the plaintiffs below, filed an amendment to their complaint praying that the administrator and heirs of Ezell, he being dead, be made parties defendant and be required to defend the title to the lot which their ancestor had conveyed to the ancestor of appellants.

A motion was made to strike the amended complaint for the following reasons: (1) That the alleged causes of action do not affect all the parties to the action; and (2) that the alleged causes of action do not belong in the classification of actions which § 1076, C. & M. Digest, permits to be joined. This motion was sustained and the administrator and heirs of Ezell dismissed as parties to the suit, and this appeal has been prosecuted to reverse that decision.

No question is made as to the right of the plaintiffs to bring this suit to compel the removal of the building, instead of an action of ejectment to recover the possession of the land on which the building stands, as might have been done. The insistence is that Ezell's heirs are not proper parties.

We think they are, for the reason that appellants must first show that the house erected by the original defendants, McNew and others, is, in fact, located on the land purchased by their ancestor from Ezell. They allege no other title, and failing to prove this their cause of action would fail. But the complaint alleges this to be a fact, and the jurisdiction is to be determined by the allegations of the pleadings, and, if it be true, as the complaint alleges, that the original defendants have erected a building, under a claim of right so to do, on land sold Fels by Ezell, then there has been an actual eviction and a consequent breach of the warranty contained in the deed from Ezell to Fels. *Jones* v. *Franklin,* 30 Ark. 631; *Quinn* v. *Lee Wilson Co.,* 137 Ark. 69, 207 S. W. 211.

This being alleged, and such is the effect of the pleadings, it accords with the recognized practice for the administrator and heirs of the vendor to be notified that they may defend the title warranted, otherwise the heirs of the warrantor would not be concluded by the decree of eviction, while, by notifying them of the pendency of the suit and making them parties, they will be concluded on the issue of failure of title, if it be finally adjudged

that appellant's title has failed to a portion, or all, of the lots conveyed to their ancestor by Ezell.

The case of *Carpenter* v. *Carpenter,* 88 Ark. 169, 113 S. W. 1032, was one in which a judgment had been rendered for the recovery of land against a covenantee in possession, which was rendered after notice to the covenantor of the pendency of the suit, and it was there held that, after notice of the pendency of the suit, the judgment was conclusive of the existence of a paramount title in another, and constituted an eviction, entitling the covenantee to maintain an action on the covenant.

In reaching that conclusion it was there said: "In the case of *Collier* v. *Cowger,* 52 Ark. 322 [12 S. W. 702, 6 L. R. A. 107], the court held that a judgment against a covenantee in possession upon the foreclosure of a lien created prior to the covenant, rendered after notice to the warrantor to appear and defend, is conclusive of the existence of an outstanding paramount incumbrance, and cited in support of the opinion the case of *Boyd* v. *Whitfield,* 19 Ark. 447. In the latter case the covenantor had notice of the pendency of the suit in ample time to afford him an opportunity to be made a defendant, but there was no formal notice by the covenantee demanding him to defend the action. These cases are conclusive of the propositions of law involved in this case. They have been followed by the courts of this State for many years, and have become the settled law."

Under the issues stated, it was therefore a proper practice for the appellants, when the title of their ancestor was attacked, to notify the administrator and heirs of his covenantor to defend the title warranted, and to make them parties for that purpose, to the end that they might defend the title in the suit in which it was attacked.

The heirs of Ezell cannot be required to defend this suit, but, having been notified of its existence and made parties to it, they will be concluded as to the existence of a paramount outstanding title in another to the extent of the eviction as evidenced by the final decree in the case.

The amended complaint, whereby the administrator and heirs of Ezell are made parties, will relieve appellants of the necessity of proving, when they sue for a breach of warranty, if they finally do so, that there was an eviction, and that it occurred under a paramount title. This practice, as was said in the Carpenter case, *supra,* has been followed by the courts of this State for many years, and has become settled law.

We are of the opinion, therefore, that the court erred in striking the amended complaint from the files, and that decree will be reversed, and it is ordered that the amended complaint be reinstated.