BRIDWELL *v.* GRUNER.

4-8425

Opinion delivered March 1, 1948

C. A. *Holland* and J. F. *Koone,* for appellant.

*Gene P. Houston* and *Gordon Armitage,* for appellee.

SMITH, J.   On December 27, 1941, appellant Bridwell executed to appellee Gruner a warranty deed describing 760 acres of land.   Among other lands described was the NE¼ of the SW¼ of Sec. 15, T. 11 N., R. 9 W. and the SW¼ of the SW¼ of the same section.

This suit was brought by Gruner against Bridwell to recover damages for the breach of the covenant of warranty of the title to the land; to recover certain taxes which he had been required to pay, which were delinquent when the deed was delivered; and to recover certain attorneys' fees which he had paid in defending the title to the land.   From the decree awarding certain damages which we will discuss, is this appeal.

The SW¼ of the SW¼ of Sec. 15 was the subject of the litigation reported in the case of *Bridwell* v. *Rackley,* 206 Ark. 381, 175 S. W. 2d 389   There one Rackley

claimed title under a sale for the nonpayment of the 1934 taxes due thereon, but the decree from which that appeal came sustaining Rackley's title was reversed and Bridwell's title was upheld. There was therefore, no breach of the covenant of warranty as to this 40-acre tract. In that case Bridwell was represented by C. A. Holland and Rackley by G. P. Houston and Gordon Armitage.

Gruner alleged that he had paid two attorneys' fees, one of $25, and the other, $100. The testimony does not show for what services the $100 fee was paid, nor does it show that there was any litigation which Bridwell had refused to defend when called upon to do so. The testimony does not show that Bridwell failed or refused to defend the case of *Bridwell* v. *Rackley,* although Gruner testified that he had paid Holland a fee of $25 in that case. But it does not show that this was all the fee paid, or that Bridwell had refused to pay Holland the fee charged. There is a failure of proof that in any matter, or in what matter, Bridwell was called upon to defend the title and had failed to do so.

To recover damages in suits of this character the law requires the purchaser of the land to give his warrantor notice that the title has been called into question, and to request the warrantor to defend. *Collier* v. *Cowger,* 52 Ark. 322, 12 S. W. 702; *Smith* v. *Boynton Land & Lbr. Co.,* 131 Ark. 22, 198 S. W. 107; *Fels* v. *Ezell,* 183 Ark. 229, 35 S. W. 2d 359. Absent this showing, the court properly disallowed the attorneys' fees.

It was found, and the holding does not appear to be seriously questioned, that Bridwell was not the owner of the NE¼ of the SW¼ of section 15. Upon this finding Gruner was allowed to recover the value of this 40-acre tract, which was found to be $200. This was of course proper and that recovery is sustained.

The court also allowed Gruner damages in the amount of certain taxes which were delinquent when the deed was delivered, and it may have been that fees were paid for services in this connection, but the testimony does not show this to be true.

Gruner testified that after obtaining his deed he applied to the county collector of taxes to pay the current taxes then due, but the collector refused to receive the taxes upon the ground that no taxes were assessed against the lands, as they had forfeited to the state. The collector testified that this forfeiture was an error, nevertheless no taxes had been assessed which Gruner could pay.

These delinquent taxes constituted a lien outstanding when Bridwell conveyed the land to Gruner, and it was of course Bridwell's duty to discharge this lien, and there was only one way in which that could be done, and that was by paying the taxes. The taxes were paid, and the amount thereof was computed by the sheriff to have been $452.25. The accuracy of this calculation does not appear to be disputed.

These taxes were of course a lien on the land which subsisted until they were paid, and the lien of the state therefore could be discharged only by payment. Bridwell did not redeem as his covenant of warranty required him to do, but Gruner did pay and the amount which he paid was $452.25, and the judgment was properly rendered for that amount. Bridwell cannot escape liability for the payment of these taxes because they were not assessed after the erroneous forfeiture to the state, for the reason that the law requires an owner when redeeming his land to pay the taxes for which the land sold, and those which subsequently accrued. Section 13868, Pope's Digest. *Vandergrift* v. *Lowery,* 195 Ark. 257, 111 S. W. 2d 510.

As no error appears the decree must be affirmed and it is so ordered.