WOOD *v.* HAAS.

1710                                    320 S. W. 2d 655

Opinion delivered January 26, 1959.

[Rehearing denied March 2, 1959]

*Brown & Compton,* for appellant.

*Shackleford & Shackleford,* for appellee.

WOOD *v.* SETLIFF.

5-1709

Opinion delivered January 26, 1959.

[Rehearing denied March 2, 1959]

*Brown & Compton,* for appellant.

*Shackleford & Shackleford,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal stems from an action for breach of warranty. On April 7, 1951 appellant, J. B. Wood, for a consideration of $14,000.00, executed a General Warranty Deed to the appellees, J. Paul Setliff and Mary Dean Setliff, his wife. The deed described by metes and bounds a tract of land in the City of El Dorado fronting eighty feet on Northwest Avenue and having a depth of 220 feet. On April 5, 1956 (just a few days prior to five years from the date of the above deed) the Setliffs filed this action against Wood for breach of warranty.

The complaint alleged that a considerable portion of the property described in the deed from Wood to Setliff was at the time of the conveyance and at all times thereafter a public street or parkway; and that as to such portion there was a breach of the covenant of warranty. Damages were claimed in the sum of $7,650.00 and interest. The defendant's amended and substituted answer admitted some of the allegations in the complaint and denied other allegations. Wood cross-complained against his grantor, Haas, for breach of the covenant of warranty in the deed under which Wood held.

On Wood's motion, the entire proceedings were transferred to the Chancery Court, where Haas pleaded the 5-year statute of limitation against Wood's cross-complaint. The Chancery Court tried all issues; and

the results were: (1) a decree in favor of the Setliffs and against Wood for $7,650.00 damages, plus interest from January 6, 1958 (the date of the decree), plus $1,000.00 attorney's fee; and (2) a decree sustaining Haas' plea of limitation against Wood's cross-complaint. From that decree two appeals have resulted. Case No. 1709 in this Court is the appeal by Wood in the Setliff matter; and in that case the Setliffs have cross-appealed. Case No. 1710 in this Court is the appeal by Wood in the Haas matter. We dispose of both appeals in this one opinion.

### Case No. 1709—Wood v. Setliff

I. *Dedication.* Wood now challenges the prior dedication of a portion of the 80x220-foot tract. He does not deny that the tract is in Block "A" of the Plat, but claims—here for the first time—that the parties who signed the dedication and placed the Plat of record in 1942 were not shown to have been the owners of Block "A." This contention in this Court comes too late in view of the admissions[1] contained in Wood's answer. The tract of 80x220 feet, as described in the deed from Wood to the Setliffs, contained 17,600 square feet; but when the previously dedicated public streets and park-

---

[1] In his answer Wood specifically admitted all of the following allegations in the Setliff complaint: "That Parkview Realty Corporation, Marguerite Trull McWilliams, W. H. Hanna and Mary Sue Hanna, his wife, and F. L. Dumas dedicated by Deed to the City of El Dorado, Arkansas, and to the public use therein forever, all the streets, park area, travel ways and/or drive-arounds of the width, length and location as reflected by Plat attached thereto and recorded in Plat Book 2, Page 28 of the Record Books of Union County, Arkansas. That this Dedication Deed was dated May 11, 1942, and filed for record in the office of the Circuit Clerk of Union County, State of Arkansas, on May 11, 1942. That the said Dedication Deed was properly accepted by the City Council of El Dorado, Arkansas, on May 24th, 1942. That the Plat was later corrected as reflected by the Plat recorded in Plat Book 2, Page 33, of the Record Books of Union County, Arkansas. That a copy of said Dedication Deed and corrected Plat is attached hereto marked Exhibits B, C and D respectively and made a part hereof. In the Deed of Dedication and Plats hereinbefore referred to, included amongst the lands dedicated as streets, park area, travel ways and/or drive arounds, was an area around Block A and the said Block A was designated as business property; that this land for public use around said Block A was 70 feet on the West, 30 feet on the North and South and 50 feet on the East of the said Block A."

ways are taken from the described 80x220-foot tract, there is left a tract only 50x100 feet or a total of 5,000 square feet; so the Setliffs did not receive what was described in the deed to them because the public streets and parkways had admittedly been dedicated.

II. *Eviction.* Wood claims there was no eviction of the Setliffs from the streets or parkways. It was proved that the City of El Dorado accepted the dedication of the public streets and parkways. Our cases hold that when title is in the sovereign the eviction is as of the date of the conveyance. *Abbott* v. *Rowan,* 33 Ark. 593; *Selden* v. *Dudley E. Jones Co.,* 74 Ark. 348, 85 S. W. 778; *Thompson* v. *Dildy,* 227 Ark. 648, 300 S. W. 2d 270. In the case at bar the title to the public streets and parkways was in the City of El Dorado; and adverse possession could not be acquired against the City. *City of Magnolia* v. *Burton,* 213 Ark. 157, 209 S. W. 2d 684. The municipality is a creature of the State; and because of legislation as to the impossibility of adverse possession of streets (§ 19-3831 Ark. Stats.) a municipality now occupies, insofar as the said streets and public parkways are concerned, the same status as the State occupies. Therefore, the warranty was breached as of the date of the conveyance from Wood to the Setliffs; and this action was brought within five years thereafter. See § 37-213 Ark. Stats.; *Bird* v. *Smith,* 8 Ark. 368; and *Smiley* v. *Thomas,* 220 Ark. 116, 246 S. W. 2d 419.

III. *Damages.* Witnesses testified, and the Court found, that the amount the Setliffs paid for the entire 80x220-foot tract was $14,000.00; and that the 50x100-foot tract (which was left after the streets and parkways were excluded) was worth only $7,750.00. So the Setliffs' damage for actual loss of land was $6,250.00; and this portion of the decree was correct.

As to damages for required removal of a building, the situation is different. The evidence disclosed that when Wood conveyed to the Setliffs there was a ''drive-in'' building located on the 50x100-foot tract as to which the title was good. Shortly thereafter, the Setliffs moved this ''drive-in'' building several feet and located

it on what was and is a portion of the public street or parkway. In this suit, the Setliffs claim that it will cost them $1,400.00 to move the "drive-in" building back to the 50x100-foot strip. They prayed and received judgment for $1,400.00 for such expense of removal. The Trial Court was in error in allowing such recovery. The Setliffs had constructive notice of the public street or parkway, and moved the "drive-in" to such location of their own volition. Other reasons exist for such refusal to award re-removal damages; but the factual situation as detailed is a sufficient answer. So, as to the $1,400.00 item, the decree must be reversed.

IV. *Attorney's Fee.* The Setliffs claimed, and the Trial Court allowed them, $1,000.00 for attorney's fee in bringing and prosecuting the present suit against Wood for breach of the covenant of warranty. The Trial Court was in error in allowing such fee. It is true that generally a grantee who pays a reasonable attorney's fee, in unsuccessfully defending his title against a third party, may recover such attorney's fee from his grantor in an action for breach of warranty. *Brawley* v. *Copelin,* 106 Ark. 256, 153 S. W. 101; *Ark. Trust Co.* v. *Bates,* 187 Ark. 331, 59 S. W. 2d 1025; and *Bridwell* v. *Gruner,* 212 Ark. 992, 209 S. W. 2d 441.

In the case at bar the Setliffs did not pay any attorney's fee in defending their title against a third person. The Setliffs conceded that the title to the public streets and parkways was in the City of El Dorado. There has been no other litigation; and the Setliffs are here seeking to recover damages from Wood for breach of the covenant of warranty. They are not entitled to have Wood pay their attorney's fee for establishing such a breach in this direct proceeding. *O'Bar* v. *Hight,* 169 Ark. 1008, 277 S. W. 533. The decree must be reversed insofar as it allowed $1,000.00 for attorney's fee.

V. *Interest.* The Setliffs claimed that they were entitled to interest at 6% from 1951, the date of their deed. The Trial Court allowed the interest only from January 6, 1958, the date of the decree, and the Setliffs have cross-complained on this matter of interest. To

sustain their cross-appeal the Setliffs, *inter alia,* quote (1) from the case of *Quinn* v. *Lee Wilson & Co.,* 137 Ark. 69, 207 S. W. 211, wherein we said: ". . . where title is in the Government the covenant of warranty is deemed to be broken as soon as it is made . . ."; and (2) from our case of *Fox* v. *Pinson,* 182 Ark. 936, 34 S. W. 2d 459, 74 A. L. R. 583, wherein we said: ". . . we think she should be entitled to recover under the facts in the record the sum of $11,950.00 and interest thereon, from May 24, 1925, the date of her constructive eviction . . ." From these cases, and others, appellees contend that interest runs from date of the constructive eviction, which was the date of the deed.

But the facts in the case at bar make it clearly inequitable for the Setliffs to recover any interest except from the date of the decree. We mention the following: (a) the Setliffs at all times enjoyed possession of the entire 80x220-foot tract; (b) there is no showing that they have paid out any amount to the City of El Dorado for either lawful or unlawful use of the public streets or parkways; and (c) the amount of the Setliffs' recovery for breach of warranty was for only a portion of the conveyed premises and the amount of the damages to be recovered was unliquidated until the entry of the decree.[2] So the cross-complaint of the Setliffs, on the matter of interest, is without merit.

---

[2] In 61 A.L.R. 10 there is an exhaustive annotation entitled, "Measure of damages for breach of covenants of title in conveyances or mortgages of real property"; and on page 174 and following of said annotation, this statement appears: "Of course, where the damages are assessed at the value of the land at the time of the eviction, the question of allowance of interest is of no importance, since it is clear that no interest is recoverable, the damages not being liquidated and capable of ascertainment prior to judgment." And on page 180 of the same annotation, this statement appears: "Where the covenantee has had possession of the land under an instrument containing a covenant of seisin, he cannot, as part of the damage for breach of this covenant, recover interest for any period prior to his eviction, without proof that he had to account to the holder of the paramount title for mesne profits, and his recovery of interest is limited to such period of time for which he may show that he had to account for these profits."

## CONCLUSION

From the foregoing, it follows that the Chancery decree in the case of *Wood* v. *Setliff* (No. 1709 in this Court) is affirmed, except as to (a) the item of $1,400.00 for removal of the building; and (b) the item of $1,000.00 for attorney's fee. As to these items the decree is reversed. This being an equity case, we adjudge the costs of the appeal against the appellant; and the cause of *Wood* v. *Setliff* is remanded to the Chancery Court to reinvest it with jurisdiction.

---

### Case No. 1710—*Wood* v. *Haas, et al.*

Setliff sued Wood for breach of warranty on April 5, 1956; and on May 28, 1956 Wood filed his cross-complaint against Haas, *et al.*, as his grantors. Wood alleged that on February 2, 1948 Haas *et al.* conveyed to him by General Warranty Deed, and he sought damages from his grantors for breach of covenant of warranty (since the dedication to the City of El Dorado was in 1942). Haas *et al.* demurred to Wood's complaint, saying, *inter alia*:

"If there has been a breach of the warranty contained in the Deed, dated February 2, 1948, said breach occurred at the time of the delivery of the said Deed, and same occurred more than five years prior to the filing of said cross-complaint, and any right of action thereunder is barred by the Statute of Limitation."

The demurrer was sustained; the cross-complaint dismissed when Wood declined to plead further; and Wood has appealed. The Trial Court was correct in sustaining the demurrer. In the case of *Wood* v. *Setliff* (No. 1709 *supra*), we held that the rule of constructive eviction — when title was in the sovereign — applied when the title was in the City. So, when Haas *et al.* conveyed to Wood in 1948 there was instantly a breach of warranty. Wood's cause of action against Haas *et al.* matured in 1948, and was governed by the 5-year statute of limitation (§ 37-213 Ark. Stats. and *Bird* v. *Smith,*

8 Ark. 368) and was barred by limitation when Wood cross-complained against Haas *et al.* in 1956. Limitation appeared on the face of the cross-complaint, and, therefore, could be raised by demurrer. See *Cullins* v. *Webb,* 207 Ark. 407, 180 S. W. 2d 835.

The decree in Case No. 1710 is affirmed.

JOHNSON, J., not participating.