WOOD *v.* SETLIFF.

5-2119                                                335 S. W. 2d 305

Opinion delivered May 16, 1960.

*Brown & Compton,* for appellant.

*Shackleford* and *Shackleford,* for appellee.

PAUL WARD, Associate Justice.   This is the second appeal by appellant to this Court in connection with the same subject matter.   For a full understanding of the background issues and subject matter, reference is made to the opinion of this Court in the case of *Wood* v. *Setliff,* 229 Ark. 1007, 320 S. W. 2d 655.

Summarily stated, the essential facts leading up to this appeal are those presently set forth.   In 1951 appellant, for consideration of $14,000.00, executed a General Warranty Deed to Setliff and his wife (appellees herein) purporting to convey a parcel of land in the City of El Dorado 80 feet by 220 feet.   Later appellees

filed suit in the Chancery Court against appellant for breach of warranty, alleging that a substantial portion of the above parcel of land had been dedicated to the City of El Dorado; that appellant had no title and appellees received no title to that portion of the land; and that appellees were entitled to damages in a substantial amount. The trial court agreed with appellees' contentions and entered a decree awarding damages for the value of that portion of the land to which title had failed. The court also awarded to appellees attorneys' fees and damages for removal of a building. On appeal by appellant this Court affirmed the decree of the trial court in all respects except as to the last two mentioned items, and remanded the cause for further proceedings.

Upon remand appellant filed a Petition in which he asked the trial court to require appellees, upon payment of the judgment, "to convey, without warranty of title" all of their right, title, and interest in and to that parcel of the land to which title had failed. This Petition was denied, and appellant prosecutes this appeal.

There are no disputed questions of fact and it is agreed by both parties that the sole question for decision is one of law. The essence of appellant's contention is set forth in his brief in this statement: "When the appellant paid this money to appellees, it would be grossly inequitable to allow the appellees to keep the money and the land too. They have the money to make them whole — if they keep the land, too, they are more than whole — they have both land and money."

The strongest legal support which we find for this contention is the statement in 91 C.J.S. p. 1131, Section 170 c., under the subject of Reconveyance. There we find this statement: "Where title has vested in the purchaser he must, as a general rule, reconvey or offer to reconvey the property by a conveyance which will put the vendor in *status quo*." Following the above quoted headnote we find this: "Ordinarily where title has vested in the purchaser, a reconveyance of the property or offer to reconvey is necessary; . . ." However there is an exception to the above rule announced in the same

paragraph where it is stated: "A tender of reconveyance is not necessary, however, where the purchaser has never acquired legal title or where the right acquired by the purchaser under his deed is absolutely worthless." Authority for the above statement is found in the case of *Bailey* v. *Gilman Bank,* 99 Mo. App. 571, 74 S. W. 874. See also *McCracken* v. *San Francisco,* 16 Cal. 591; *Upton* v. *Archer,* 41 Cal. 85, 10 Am. R. 266; and *Lewis* v. *Mote,* 140 Iowa 698, 119 N. W. 152.

As is more clearly set forth in our former opinion, appellant apparently had no title to subject land because it had been dedicated to the City of El Dorado, and for the same reason appellees received no title.

It occurs to us, moreover, that appellant is now in the same position as he would be if appellees executed a quitclaim deed to him. In the case of *Mackintosh et al* v. *Stewart,* 181 Ala. 328, 61 So. 956, where a similar issue was under consideration, the Court said: "A recovery in an action on a covenant for title works a rescission *pro tanto* by revesting in the convenantor the title, such as it is, which he has conveyed." Apparently appellees concede the above announced principle because in their brief and in the oral argument here, they disclaim all right, title and interest in the subject property, and they further agree that a court order to that effect may be entered.

Since appellant expresses the belief that he can someday perfect his title to the subject parcel of land against any claim of the City of El Dorado and since he wants to be in the best possible position to do so, and since all records affecting title to real estate should, when possible, be entered in the County where it is situated, we are remanding the cause to the trial court with instructions to enter an order reinvesting in appellant the title to the subject land, such as it is, which he conveyed to appellees.

As so modified the cause is remanded for the purpose above stated.

Modified and remanded with directions.