WOOD *v.* CITY OF EL DORADO.

5-3141                                          375 S. W. 2d 363

Opinion delivered February 17, 1964.

*Crumpler & O'Connor, Brown, Compton & Prewett,* for appellant.

*J. V. Spencer, Jr.,* for appellee.

ED. F. McFADDIN, Associate Justice. This suit involves some of the streets and driveways in Parkview Subdivision to the City of El Dorado. The plaintiffs below, and appellants here, are the original dedicator, Mrs. Marguerite Trull McWilliams, and other parties holding deeds which described some of the property shown as being dedicated streets. The defendant below was the City of El Dorado. Various property owners

claiming interests adverse to the plaintiffs intervened and resisted the complaint, claiming that intervenors' vested property rights would be adversely affected by granting relief to the plaintiffs, and also pleading laches, estoppel, and stale demand. They are listed as appellees here, along with the City of El Dorado.

The plaintiffs sought to have cancelled a plat and dedication of streets and ways that had been filed in 1942. The Trial Court denied any relief to the plaintiffs and this appeal ensued. It was shown that in 1942 Mrs. Marguerite Trull McWilliams (one of the plaintiffs), and other parties, owned as acreage certain property in the City of El Dorado, and decided to plat the property into lots and blocks and offer it for sale as Parkview Subdivision. The plat filed in May 1942 was duly recorded in the Deed Records of Union County; and an instrument of dedication was likewise recorded, dedicating to the public all the streets, alleys, and drives shown on the said plat.[1] The City of El Dorado, by proper action, accepted the deed of dedication on September 24, 1942. On October 25, 1943, an additional dedication was made by Marguerite Trull McWilliams, as the landowner, dedicating a street 40 feet wide through the center of Block "A". The original plat, along with the dedication of the 40-foot street, was shown in the abstracts of various parties who purchased property in the subdivision; and the intervenors claim, either by direct or mesne conveyances, from the original owners who filed the plat and made the dedication.

In January 1959 there was decided by this Court the case of *Wood* v. *Setliff*, 229 Ark. 1007, 320 S. W. 2d 655, involving some of the same streets and driveways in the Parkview Subdivision to El Dorado as here involved.[2] As a result of that case some of the present appellants realized that they were occupying property that was dedicated as public streets and ways according to the said

[1] In September 1943 a plat identical with the one previously mentioned was filed entitled, "Corrected Plat."

[2] There was a second case between Wood and Setliff, 232 Ark. 233, 335 S.W. 2d 305, decided in 1960, and involving this property.

plat of Parkview Subdivision. The present suit was filed on June 20, 1961, to have the original plat and also the so-called ''corrected plat'' of Parkview Subdivision, cancelled, as filed through mistake, so that the only dedication would be the 40-foot roadway through the center of Block ''A''. The effect of a decree for the plaintiffs would be to take from the public and return to the plaintiffs, as their interests might appear, a strip of property 70 feet wide and several hundred feet long lying west of Block ''A'', a strip of property 30 feet wide along the entire north side of Block ''A'', and also a strip of property 30 feet wide along the entire south side of Block ''A''.[3]

Whatever may have been the intentions, thoughts, and desires of the owners and dedicators in 1942, nevertheless the facts remain: (a) that a plat was filed in 1942 and a dedication made to the public of the streets and ways shown on the plat; (b) that there was an acceptance of the plat by the City of El Dorado; and (c) that there were sales of lots by the owners and dedicators by reference to the said plat. The law is well settled that, when a plat is filed and sale of lots made with reference to it, then the streets and ways shown on the plat become public property. *Brewer* v. *City of Pine Bluff,* 80 Ark. 489, 97 S. W. 1034; *Mebane* v. *City of Wynne,* 127 Ark. 364, 192 S. W. 221; and *Brown* v. *Land, Inc.,* 236 Ark. 15, 364 S. W. 2d 659.

Furthermore, there was a lapse of over eighteen years from the filing of the plat and deed of dedication in 1942 until the filing of the present suit in 1961, claiming a mistake to have been made by the owners and dedicators in 1942. In the meantime, many people had purchased property, relying on the filed plat and deed of dedication. Even if we assume to be true all of the claimed intentions, thoughts, and desires of the dedicators in 1942, still the fact remains that no one misled any of the dedicators. They filed the plat and deed of dedica-

---

[3] The plat shows dedication of a strip 50 feet wide, and lying on the east side of Block "A"; but we understand that this is practically conceded by appellants to have become public property.

tion in 1942, and third persons—the City, the intervenors, and others—have relied on the plat and deed of dedication. The plaintiffs cannot now be heard in their effort to overcome a unilateral mistake after all these years have passed.

It is urged that the City of El Dorado has not opened all of the streets shown on the plat and deed of dedication, and has thereby allowed some of the appellants to encroach on the streets; but, as stated in *Wood* v. *Setliff*, 229 Ark. 1007, 320 S. W. 2d 655: ". . . the title to the public streets and parkways was in the City of El Dorado and adverse possession could not be acquired against the City. *City of Magnolia* v. *Burton*, 213 Ark. 157, 209 S. W. 2d 684."

Finding no error, the decree is affirmed.