CORN INSURANCE AGENCY, INC. *v.*
DARBY BUILDERS, INC. ET AL

73-72                                       497 S.W. 2d 260

Opinion delivered July 23, 1973

*Max C. Mehlburger,* for appellant.

*Catlett & Henderson,* for appellees.

LYLE BROWN, Justice. The chancellor held that appellant, Corn Insurance Agency, Inc., had no standing to prevent an adjoining landowner, one of the appellees, from amending the latter's bill of assurance so as to materially change the use by the adjoining landowner of an area described on its plat as "utility and greenery easements". The single point advanced for reversal is: "The chancellor erred in holding that an easement dedicated to the public by plat and bill of assurance inures only to the benefit of owners of the platted property".

In 1962 appellant Corn bought a five acre tract fronting Chicot Road on the outskirts of Little Rock. On the front part a shopping center was constructed; on the rear portion facilities were established for a motor trailer court with a capacity for some forty trailers. In 1964 R. M. Wilson, one of the appellees, having acquired a tract adjoining the trailer court, filed a plat and bill of assurance of Vernon Place, consisting of 46 lots. Lots one through fifteen adjoined the rear portion of the unplatted Corn tract upon which mobile trailers were placed up to the boundary line between Corn and Wilson. There was designated on Wilson's plat a buffer or screening strip designated as "greenery easement", thus creating a buffer between the trailer courts and the residential lots in Vernon Place. The bill of assurance recited that no buildings or paved driveways were to be built within the area of any of the easements shown on the plat.

With reference to the easements the bill of assurance provides:

Owners of the lots in this subdivision shall take their titles subject to the rights of the public utilities and the public.

The filing of this Bill of Assurance and plat for record in the office of the Circuit Clerk and Ex-Officio Recorder of Pulaski County shall be a valid and complete delivery and dedication of the streets and easements shown on the said plat.

With reference to amendments to the bill of assurance it was provided therein that such amendments required the written consent of the owners of sixty percent of the lots.

In 1972 Wilson, in anticipation of building apartments on the premises, decided he needed the easement area for parking. The easement dedication was amended to provide that the easement area could be paved for purposes of parking. That action resulted in the filing of this suit by Corn to enjoin the paving project. It is undisputed that Corn owns no property within the subdivision, Wilson Place. It is Corn's contention that appel-

lee Wilson was attempting "to amend out of existence an unequivocal dedication to the public of a greenery easement". It is also Corn's contention that the creation of the easement vested in him and his mobile home tenants the vested right to enjoy the natural biota created by the greenery easement. Wilson and his associates, appellees, responded that the right to enforce restrictions in the plat and bill of assurance rests upon a contractual basis and is limited to those owning lands subject to the bill of assurance.

In their briefs the parties have cited a number of cases from our court which they contend shed light on the problem before us. *Wood* v. *City of El Dorado,* 237 Ark. 681, 375 S.W. 2d 363 (1964); *Mountain View* v. *Lackey,* 225 Ark. 1, 278 S.W. 2d 653 (1955); *Frauenthal* v. *Slaten,* 91 Ark. 350, 121 S.W. 395 (1909); *Brown* v. *Land, Inc.,* 236 Ark. 15, 364 S.W. 2d 659 (1963); *Rickman et al* v. *Mobbs et ux,* 253 Ark. 969, 490 S.W. 2d 129.

We list the aforementioned cases to make it clear that we are not, by our decision in the instant case, doing violence to the holdings in any of the cited cases. We have concluded that the cited cases are not substantially helpful to the problem at hand. That is because of the differences in facts, and more particularly because none of those cases deal with a buffer zone designated on the plat as a greenery easement. Because of the sum total of the following factors we conclude that the case must be affirmed: (1) The easement for the buffer zone on appellee's property was established after Corn acquired its property, so no reliance was placed on that easement in buying or developing the Corn property. (2) The buffer was established substantially, if not exclusively, for the benefit of the property owners in the Wilson subdivision. (3) We doubt that Corn has any standing to challenge the right of the property owners in the Wilson subdivision to amend their bill of assurance to provide for paving the easement. (4) The suit was not brought as a class action for the benefit of the public. (5) The disputed easement was not established as a thoroughfare; thus the area cannot be likened unto a street or alley. (6) The easement area is not immediately accessible to the public.

We must also dispose of a motion filed by two of the three appellants. After this appeal was lodged, appellants Cook and Fonzo filed a motion stating that they had no desire to pursue the appeal. Their motion to dismiss as to them is granted, effective as of the date of their motion, May 25, 1973.

Affirmed.

BYRD, J., disqualified and not participating.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I dissent because I do not think that an easement dedicated to the public by plat and bill of assurance inures only to the benefit of owners of property platted in the plat showing the easement. I feel that an adjoining landowner may have rights in the easement.